UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Eugene CHARLTON, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Roger Lee EDWARDS, Defendant-Appellant.

Nos. 17002, 17003.

United States Court of Appeals Sixth Circuit.

Jan. 31, 1967.

Dale Quillen, Nashville, Tenn., for appellants.

Rollie L. Woodall, Nashville, Tenn., for appellee. Gilbert S. Merritt, Jr., U. S. Atty., Rollie L. Woodall, Asst. U. S. Atty., Nashville, Tenn., on brief.

Before O'SULLIVAN, CELEBREZZE and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This appeal is from a conviction for the illegal possession of 11 gallons of distilled spirits in nontax-stamped containers [1] and for possession of property (a vehicle) intended for use in violation of the alcohol tax laws.[2]

Two questions are raised on appeal. First, it is contended that the district court erred in overruling appellants' motion for judgment of acquittal on the ground that the government failed to prove venue. Second, it is contended that the district court erred in overruling appellants' motion to set aside the sentences imposed on the second count of the indictment because the offense charged in that count was included in the first count. We find both contentions to be without merit.

The indictment laid the venue for both offenses in the Nashville Division of the Middle District of Tennessee. There was no direct evidence of the situs of the offenses but this deficiency was

1. 26 U.S.C. § 5604(a) (1).

2. 26 U.S.C. § 5686(a).

not fatal because, although venue is a fact which must be proved, United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944), it may be shown by circumstantial as well as by direct evidence, and a jury may infer its existence from all the evidence adduced at the trial. See Holdridge v. United States, 282 F.2d 302 (8th Cir. 1960) and cases cited therein.

What constitutes sufficient evidence to present a question of fact for the jury depends on the facts of the particular case. In United States v. Jones, 174 F.2d 746 (7th Cir. 1949) reference to certain streets without more, in the absence of identification of the city, was held insufficient. See also United States v. Browne, 225 F.2d 751 (7th Cir. 1955). Nevertheless, where the street names are unusually distinctive, Weaver v. United States, 298 F.2d 496 (5th Cir. 1962) or where there is other evidence which localizes the place of occurrence, George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559 (1942), venue may be proved circumstantially. In *George,* supra, where venue was asserted in the District of Columbia, the offense (a robbery) took place at a "Federal Gas Station, located at 7th and Main Avenue, Southwest" and there was testimony of a witness that he was a member of the "Metropolitan Police Force." This evidence, together with testimony that the arrest of defendant occurred "at the Pennyland Arcade on 9th Street" and the additional testimony that defendant's confession took place at the "office of the Robbery Squad, Metropolitan Police Department, Washington, D. C." was deemed sufficient to present a jury question.

■ In the instant case the uncontradicted testimony was that the offenses occurred behind the power house of Fisk University which stood on the western side of 17th Avenue, North. Other testimony located it south of a railroad which crossed 17th Avenue, North, and east of 18 Avenue, North. Still other testimony was that it was in the "800 block of between 17th and 18th Avenue, North."

Certainly a jury drawn from the vicinage was furnished information from which it could place the 17th Avenue in question in Nashville, Tennessee because of the coincidence of the streets with the railroad, the recital of the street numbers and the proximity of the university, a nationally-known institution of higher learning. In addition, the arresting officers who were eyewitnesses identified themselves as "Metropolitan Police Officers" and photographs received in evidence bore the legend "official police photo" of the "Metropolitan Police Department, Identification Bureau, Nashville, Davidson County, Tennessee."

■■ The trial judge correctly took judicial notice of the fact that Nashville, Tennessee is in the Nashville Division of the Middle District of Tennessee and properly submitted the question of the location of the occurrence of the offenses to the jury. If there were any error it favored defendants because the court's instruction may have required the jury to find venue beyond a reasonable doubt, and by the great weight of authority, venue is a fact which need be proved only by a preponderance of the evidence. Blair v. United States, 32 F.2d 130 (8th Cir. 1929).

■ Defendants' second contention is likewise without merit. The test in determining if the same transaction constitutes violation of two distinct statutory provisions, is whether each offense requires proof of a fact which the other does not. Mathis v. United States, 200 F.2d 697 (6th Cir. 1952).

■ The first and second counts herein clearly require proof of different elements. The first requires proof of possession of eleven gallons of distilled spirits without the required stamps affixed thereto. The second requires proof of possession of a motor vehicle intended for use to store, conceal or transport distilled spirits in containers not bearing the required stamps.

The judgment is affirmed.