**UNITED STATES of America, Plaintiff,**

v.

**Edith Marie WALKER, Defendant.**

**Crim. A. No. 7306.**

United States District Court, E. D. Tennessee, Northeastern Division.

Oct. 3, 1973.

On Second Motion for Entry of Judgment of Acquittal Oct. 25, 1973.

Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Carleton W. Smith, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The evidence herein showed beyond a reasonable doubt that on or about January 6, 1972 the defendant Mrs. Walker was in the possession within the jurisdiction of this Court of a 1972 Buick automobile, bearing identification no. 4V39T2H414712, which was moving as and was a part of interstate commerce from Blue Island, Illinois to Kingsport, Tennessee, when she knew the motor vehicle to have been stolen. The defendant moved for the entry of a judgment of acquittal after the evidence of the prosecution was closed, which was renewed after the defendant announced she had no evidence to offer, on the ground that the evidence is insufficient to sustain a conviction of the offense of *receiving* such vehicle in violation of 18 U.S.C. § 2313. Rule 29(a), Federal Rules of Criminal Procedure. Such motion was taken under advisement, pending the submission of briefs on this issue.

This prosecution must have been had in a district in which the offense was committed. Rule 18, Federal Rules of Criminal Procedure. Such venue must have been proven at trial. United States v. Budge, C.A. 7th (1966), 359 F.2d 732, 734 [2]. " * * * [A]lthough venue is a fact which must be proved, * * * it may be shown by circumstantial as well as by direct evidence, and [the trier-of-facts] may infer its existence from all the evidence adduced at the trial. * * *" United States v. Charlton, C.A. 6th (1967), 372 F.2d 663, 664–665 [2], certiorari denied (1967), 387 U.S. 936, 87 S.Ct. 2062, 18 L.Ed.2d 999. " * * * Venue is established where the testimony justifies the reasonable inference that the violation occurred at the place alleged in the indictment. * * *" United States v. Mendell, C.A. 7th (1971), 447 F.2d 639, 641 [1, 2].

To "receive" stolen property, as charged in this indictment, means acquisition of control in the sense of physical dominion or apparent legal power to dispose of property, State v. Alcorn (1972), 187 Neb. 854, 194 N.W.2d 798; it envisages possession or control as an essential element, State v. Kimbrough (1970), 109

N.J.Super. 57, 262 A.2d 232, 235 [3]. There is direct evidence that Mrs. Walker acquired control of the subject vehicle, and that she was in physical dominion thereof within this district; she had apparent legal power therein to dispose of the automobile.

■ As the trier-of-the-facts, this Court infers also from the circumstances of Mrs. Walker's possession of this recently stolen automobile that she participated in some way in its theft. Wilson v. United States (1892), 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090, 1095 (headnote 1). Such possession on her part is inconsistent with her innocence. *Idem.* Mrs. Walker resided in Kingsport, Tennessee; was well known to witnesses in both Sullivan and Hawkins counties, Tennessee; and possessed the recently stolen automobile within this district. Such possession on her part within this district under those circumstances is sufficient to establish venue in this district. *Cf.* Casey v. United States * (1928), 276 U.S. 413, 417–418, 48 S.Ct. 373, 72 L.Ed. 632, 634 (headnote 1); Anderson v. United States, C.A. 6th (1951), 189 F.2d 202, 205 [3]; Shurman v. United States, C.A. 5th (1955), 219 F.2d 282, 288 [6]; Bateman v. United States, C.A. 6th (1955), 225 F.2d 91 [1]; Ware v. United States, C.A. 8th (1962), 309 F.2d 457, 462 [4].

■ The defendant's motion for the entry of a judgment of acquittal hereby is overruled. The Court finds the defendant Mrs. Edith Marie Walker guilty as charged in the indictment herein. She is referred for presentence investigation and will stand on her present bond pending further orders of the Court.

## ON SECOND MOTION FOR ENTRY OF JUDGMENT OF ACQUITTAL

The defendant moved for the entry of a judgment of acquittal, Rule 29, Federal Rules of Criminal Procedure, or in the alternative for a new trial, Rule 33, Federal Rules of Criminal Procedure, claiming that the verdict herein is against the weight of the evidence, in that there was no evidence showing that the subject vehicle herein remained a part of interstate commerce on or about January 6, 1972. There is no merit to such motion in either of its alternatives.

It was stipulated that a certain witness, if called, would have testified that the subject vehicle was stolen from her in the state of Illinois on December 29, 1971. The witness Mr. Rollie H. Newton, Jr. testified that he saw the defendant driving this same vehicle in Tennessee on January 1, 1972, and the witness Mr. Sammy David Poole testified that he saw the defendant driving the same vehicle in Tennessee on January 6 or 7, 1972 and again on January 8, 1972. The witness Mr. Bobby Wayne Newton testified that he saw the defendant driving a similar vehicle in Tennessee on January 1, 1972, although this witness thought the vehicle was made by Cadillac. The Court inferred from this evidence that the defendant's possession of the stolen vehicle was an incident to its theft and transportation and so tied up therewith as to constitute the final step of a continuous unlawful scheme.

This was a factual determination under the surrounding facts and circumstances in this particular case. Schwachter v. United States, C.A. 6th (1956), 237 F.2d 640, 644 [5], cited in

---

* In *Casey, supra,* followed in *Anderson, supra,* the Court was dealing with a statutory presumption that possession of drugs without tax stamps affixed created a presumption of violation of the narcotics statutes. The Court observed that the defendant was well known in the forum and had dealings with the narcotic transaction under consideration, and that the inference that he ac-, quired the drug in the forum was strong. 276 U.S. at 418, 48 S.Ct. 374, 72 L.Ed. at 634.

Only one of the dissents, in which another justice joined, appears to disagree with this holding of the majority as to the establishment of venue in this manner. 276 U.S. at 635, 637–638, 48 S.Ct. 373.

United States v. Briddle, C.A. 8th (1970), 430 F.2d 1335, 1339. The test is what was done with the car after it came into the defendant's possession. *Idem.* No facts were shown which indicated Mrs. Walker was in no way connected with the theft and transportation of the stolen car.

Motion denied.