THE STATE OF OHIO *v.* SCHNITZLER.

(No. B-895040—Decided
September 28, 1990.)

Court of Common Pleas of
Hamilton County.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *David T. Stevenson,* for the state of Ohio.

*Eugene D. Smith,* county public defender, for defendant.

ANN MARIE TRACEY, J. This matter came before the court for a bench trial conducted September 20, 1990. The defendant, Riva Schnitzler, was charged with receiving stolen property, in violation of R.C. 2913.51. This statute provides: "No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense." R.C. 2913.51(A).

Elements of receiving stolen property, R.C. 2913.51, are as follows: venue, the identity of the defendant, and receipt or retention of property which the defendant has reasonable cause to believe was obtained through the commission of a theft offense. Here, in addition, the value of the property must be proved to be $5,000 or more as the defendant was charged with a third degree felony.

The facts here are that after 2:00 a.m. in the morning of June 26, 1990, two men brought the stolen property, consisting of business equipment, to the apartment in which the defendant lived with her boyfriend, Michael Andy, who leased the apartment. One of the two individuals bringing the property had a key to the apartment. The defendant, over the next few hours, repeatedly directed the men to remove the property from her apartment. She neither notified the police nor exercised any control over the property; she was present in the apartment with it. The next morning she eventually left the apartment, and refused a request by one of the men to "catch" the property they were tossing out the window. When confronted by the police about the property being tossed out the apartment window, she directed them to her apartment. She also notified them that one of the two men was leaving the scene.

The facts here establish beyond a reasonable doubt venue, and the identity of the defendant; it is stipulated that the value of the property is $7,600, and that the property was taken by a theft offense. The evidence also clearly establishes that at some point the defendant knew, or had reasonable cause to believe, that the property was obtained through a theft offense: the property arrived in the middle of the night; one of the men bringing it was cut and covered with blood; a claim that he obtained the property at his place of work did not have a ring of truth about it; and the property was assorted business equipment. In fact, the defendant testified that it was "not right" that the property be kept there.

The remaining question for the court, then, is whether the state established that the defendant "received, or retained" such stolen property while knowing or having reasonable cause to believe it was stolen.

The state argues that by admitting the men into the apartment, one of whom had his own key to the apartment, the defendant received the stolen property. Of itself, the act of the defendant letting the men into her apartment does not prove the elements of receipt, or knowing or having reasonable cause to believe the property was obtained through the commission of a theft offense. Absent a showing that the defendant somehow anticipated the arrival of the property in question or otherwise knew at the time of the admission that the property was stolen, the state has failed to show that the defendant received the property "knowing" it was stolen. Rather, the inference can equally be drawn that upon realization that the property was stolen she demanded that it be removed.

The question then becomes whether the defendant's remaining in the apartment with the stolen property constitutes the requisite receipt. In *State* v. *Jackson* (1984), 20 Ohio App. 3d 240, 20 OBR 302, 485 N.E. 2d 778, the defendant was convicted of receiving stolen property: $300 worth of photographic equipment and a .32 caliber semi-automatic pistol. In that case an occupant of the car in which defendant Jackson was a passenger left the vehicle; when the other occupant was picked up sometime later, he announced that he had committed a burglary and exhibited the stolen property. Jackson admitted actual physical possession of the pistol on three occasions: upon his initial examination of the property, in placing the pistol in his pants to have his picture taken, and in discharging the firearm. The issue in that case, as it is here, is whether the mere fact of possession can constitute "receiving" the property. The *Jackson* court cites Black's Law Dictionary (5 Ed. 1979) 1140, which defines "receive" as "[t]o take into possession and control; accept custody of; collect." It also found, citing *United States* v. *Walker* (E.D. Tenn. 1973), 384 F. Supp. 262, 263, that: "To receive stolen property has also been held to mean acquiring control in the sense of physical dominion over or the apparent legal power to dispose of said property. * * * This definition envisages possession or control as an essential element. * * *" *State* v. *Jackson, supra,* at 242, 20 OBR at 303, 485 N.E. 2d at 780.

Here, the fact that the defendant did not remove from the apartment herself, four small children or the bulky property (typewriters, etc.) cannot in and of itself fulfill this element of the offense. This is especially true in light of the defendant's repeated demands that the property be removed and her lack of acceptance of custody or control of the property. Moreover, defendant's notifying police of the origin of the property being tossed out the window, as well as the location of one of the two men who brought the property, further establishes her lack of criminal knowledge and involvement in the crime.

For the reasons stated, this court finds that the state has failed to meet its burden of proof and that the evidence is insufficient to sustain a conviction of receiving stolen property. The court therefore grants the defendant's Crim. R. 29 motion for acquittal.

*Defendant discharged.*