941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Harrison BENNETT, Defendant-Appellant.
 No. 91-5220.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Joe Harrison Bennett, was convicted of being a felon in possession of a firearm. Bennett had a friend named Larry Warwick, who was, at the time of this offense, undergoing a rather nasty divorce. Warwick believed that he was going to lose out in the divorce. In particular, he worried about losing his gun collection. Consequently, Warwick called Bennett and asked him to take his gun collection for safekeeping. Warwick believed that the location of Bennett's home--out in the country, away from children--provided the ideal location for gun storage. Accordingly, he called Bennett to ask him to take the guns for a while. Bennett quickly agreed. He then took the guns to Bennett's house, and he gave them to Bennett.
 
 
 2
 Subsequently, however, he went to the office of the Bureau of Alcohol, Tobacco, and Firearms, where he spoke to an agent Cooper. He told agent Cooper that Bennett had the guns. The ATF got a search warrant and raided Bennett's house, where they found the guns.
 
 
 3
 After the close of all evidence at his trial, Bennett moved for a directed verdict, arguing that the government failed to prove venue. The government asked for permission to reopen its case, which was denied. Nonetheless, the court denied Bennett's motion. Although the government, as a constitutional matter, must prove venue, it need only do so by a preponderance of the evidence; it is not an element of the offense. United States v. Charlton, 372 F.2d 663, 667 (6th Cir.1967). We have held that objections to venue are waived unless the defendant makes the objection prior to the close of the government's case. United States v. Burkhart, 501 F.2d 993, 996 (6th Cir.1974). Accordingly, Bennett waived his objection to venue. His conviction, therefore, is AFFIRMED.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation