DECISION AND JOURNAL ENTRY
Following a bench trial, the Lorain County Court of Common Pleas convicted Larry Brewer of receiving stolen property, in violation of R.C. 2913.51. He has appealed from his conviction. Brewer has asserted on appeal that his conviction was against the manifest weight of the evidence.
 I
According to testimony at Brewer's bench trial, an employee of the Dillard's at Midway Mall observed Brewer walk into the employees' area in the perfume section, reach into a cubbyhole, remove two bottles of Beautiful perfume, and put them in his pockets. The employee immediately notified two other employees. As he was doing so, the employee kept Brewer in sight and watched as he left the store and got into an automobile. Cynthia Parker-Cruz, an area manager at Dillard's, identified the automobile Brewer entered as a dark Thunderbird bearing temporary license tags.
Parker-Cruz inventoried the perfume stock immediately after Brewer was observed taking the two bottles of perfume from behind the counter, at the request of an Elyria police officer working as store security. To do the inventory, she compared the computer record of stock on hand with the physical inventory. Seventeen items were missing. Most of the objects missing were kept in corner displays of the type from which Brewer was seen taking the two bottles of Beautiful. Parker-Cruz identified as missing: two White Linen testers, valued at $37.50 each, four bottles of Jako Eau De Toilette, valued at $55.00 each, one bottle of Jako Eau De Toilette, valued at 37.50, four bottles of Beautiful Eau de Parfum Spray, valued at $57.50 each, two bottles of Aqua Di Gio, valued at $57.50 each, and four bottles of Red Cologne, valued at $59.00 each. Dillard's matches its physical inventory with its computer inventory on Monday or Tuesday each week. The incident occurred on a Wednesday. As a general rule, they "may have one, one bottle missing out of three counters."
Brewer was sitting alone in the rear passenger seat of a gray Thunderbird with temporary license tags when police arrested him. Two other individuals were sitting in the front seat. Twenty-five bottles of perfume were found in the car.[1] The police compared the twenty-five items in the car to the items missing from Dillard's. Seventeen bottles of perfume matched the missing inventory from the Midway Mall Dillard's by size and brand name. A tester and a bottle of Jako Eau De Toilette were found in Brewer's jeans pockets, four bottles of Beautiful Eau De Parfum Spray were found under the front passenger seat of the car, one bottle of Jako Eau De Toilette was found near Brewer's left leg on the passenger seat, and three bottles of Jako Eau De Toilette, another tester, two bottles of Aqua Di Gio and four bottles of Red Cologne were found in a Dillard's bag on the left rear passenger seat. The police did not find any receipts or new bags in the car; in fact Officer Baker of the Elyria Police Department agreed that they did not "find any evidence at all that those items had been lawfully purchased."
Based on the UPC codes attached to the items found near Brewer, each of the seventeen bottles came from a Dillard's store. Although the UPC codes indicate that all the bottles were part of Dillard's stock, they do not identify the specific Dillard's store from which each item came. There are approximately 30 Dillard's stores in Ohio, each carrying an inventory of approximately 70,000 bottles of perfume.
Following his arrest, Brewer waived his Miranda rights and spoke with police officers. Officer Richard Ellis, of the Elyria Police Department, testified that Brewer told Officer Ellis that he had walked into the store with two bottles of cologne because he wanted to compare prices and possibly exchange them. Initially, Brewer told Officer Ellis that one bottle was in a gray box and the other was not in any box at all and that he didn't know the brand name of either. Later, he described both bottles as being in their boxes. According to the information he gave Officer Ellis, Brewer spoke with a lady about exchanging the bottles or getting a refund. The only description he could provide was that he thought that the lady had brown hair. Brewer denied ever having stolen anything from Dillard's in Elyria, but admitted to having stolen from J.C. Penney's.
The court determined that Brewer had under his control (1) the two bottles in his pocket, (2) the bottle on the rear passenger seat next to Brewers left leg, and the (3) Dillard's bag on the seat next to him containing an additional ten bottles of cologne.[2]
 II
The Ohio Supreme Court has noted that "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment]." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. In determining whether this is one of those exceptional cases, we review the entire record, consider the credibility of the witnesses, weigh all the evidence, and make all reasonable inferences. Thompkins, 78 Ohio St.3d at 387. To sustain Brewer's assignment of error this court must find that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Id. The judgment is not a manifest miscarriage of justice if "there is a real conflict in the evidence in the sense that reasonable men might honestly vary in their conclusions as to whether, on the whole record, the judgment rendered below is or is not supported by the evidence[.]" Schwartzv. Wells (1982), 5 Ohio App.3d 1, 5.
In order to convict Brewer of receiving stolen property, the state was required to establish that Brewer, "receive[d], retain[ed], or dispose[d] of property of another knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense." R.C. 2913.51(A). Receive is not defined in the statute, but a generally accepted definition of receive is to acquire "control in the sense of physical dominion over or the apparent legal power to dispose of said property." State v. Jackson (1984), 20 Ohio App.3d 240, 242, citing United States v. Walker (E.D.Tenn. 1973), 384 F. Supp. 262,263. Because Brewer was convicted of receiving stolen property as a fifth degree felony, the State was also required to prove that the property Brewer received had a value of at least $500, but less than $5000. R.C. 2913.51(C).
Here, there was uncontradicted testimony that the Dillard's store was missing seventeen bottles of perfume which corresponded in name brand and size with seventeen of the twenty-five bottles of perfume found in the car in which Brewer was riding. Dillard's regularly compares its stock on hand to its computer records, and normally discovers a loss of perhaps one bottle a week. Dillard's compared its record stock to its inventory stock no more than two days before the discovery of the bottles in the car in which Brewer was riding. Each of the seventeen bottles found near Brewer bore a UPC code that indicated that it had come from Dillard's. In addition, Brewer was seen removing two bottles of perfume from Dillard's, without paying for them, which matched the brand name and size of two of the bottles found in the car. During the course of the investigation, the police determined that the seventeen bottles belonged to Dillard's and returned them.
In contrast, Brewer told police he had been given a couple of the bottles, but did not identify which ones were gifts. He offered no explanation for the presence of the remainder of the bottles.
Without losing its way, the trial court could have rejected Brewer's explanation because it was vague, inconsistent, and incomplete. The seventeen bottles of perfume, unaccompanied by receipts, bearing Dillard's UPC codes which matched the seventeen bottles missing from Dillard's inventory, and the observation of Brewer taking two of the bottles out of the store to the car in which they were found provide strong circumstantial evidence from which the rational inference may be drawn that the seventeen bottles of perfume belonged to Dillard's. The trier of fact reasonably resolved the conflicting evidence when it determined that the seventeen bottles of perfume belonged to Dillard's.
When police arrested Brewer, he was seated in the back seat of a car. He had two of the seventeen bottles of perfume determined to be Dillard's property in his pocket. Another was found on the seat next to his left leg. Ten more bottles belonging to Dillard's were in a bag on the seat beside him. Brewer had dominion and control over each of these thirteen items, being in actual physical contact with two of them and within easy reach of the rest of them.[3] The trial court reasonably determined, beyond a reasonable doubt, that Brewer possessed the thirteen bottles of perfume in his pockets and on the seat beside him.
A rational inference of guilty knowledge may be drawn from the fact of Brewer's unexplained possession of stolen goods, Statev. Arthur (1975), 42 Ohio St.2d 67, 69, particularly when accompanied by obvious indicia that the goods were stolen, seeState v. Bezak (Feb. 18, 1998), Summit App. No. 18533, unreported, at 6-8. Brewer was in possession of two testers, which Dillard's never makes available for sale. One of those testers was in his pocket. In addition, Brewer was seen removing two different bottles of perfume from an area in which customers are not permitted, and taking them out of the store without paying for them. Brewer chose to speak with police, but offered no explanation for the presence of most of the bottles of perfume, and inconsistent explanations for the few for which he attempted to account. The unusually large quantity of perfume found in the car, Brewer's direct involvement in an apparent theft from Dillard's that day that accounted for two of the bottles, accompanied by his unexplained possession of two testers that a reasonable individual would have realized were stolen, permits the rational inference that Brewer knew, or had reasonable cause to believe, that all the bottles of perfume were also stolen.
The undisputed value of the thirteen bottles of perfume that the trial court found to be in Brewer's possession was $683.50.
Without losing its way, the trial court could have found, beyond a reasonable doubt, that Brewer possessed thirteen bottles of perfume that belonged to Dillard's, that he knew or had reason to know were stolen, and that the value exceeded $500. His conviction was not against the manifest weight of the evidence.
 III
Brewer's assignment of error is overruled because his conviction was not against the manifest weight of the evidence. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT SLABY, J., CARR, J., CONCUR.
[1] State's exhibit 2 lists nineteen bottles of perfume by size and brand name. The testimony indicated that the bottom of the list was cut off. The photographs of the items found in the car, and admitted as State's exhibit 3, clearly show twenty-five items.
[2] At one point, the court indicated that Brewer also had possession of the two bottles that he was seen taking from behind the counter in Dillard's, but the court did not include those two bottles its determination of the value of the stolen property received by Brewer.
[3] In addition, although the two bottles of Beautiful were not within his reach when they were recovered, he was seen removing them from the store. It would have been reasonable for the court to determine that he received, retained, or disposed of those, as well. See supra