Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/02/2016 09:10 AM CST

State of Nebraska, appellee, v.
Frantz G. Kolbjornsen, appellant.
___ N.W.2d ___

Filed December 2, 2016.    No. S-16-148.

1. **Judgments: Speedy Trial: Appeal and Error.** Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

3. **Speedy Trial: Prisoners.** The statutory procedure under Neb. Rev. Stat. § 29-3805 (Reissue 2016), rather than the procedure under Neb. Rev. Stat. § 29-1207 (Reissue 2016), applies to instate prisoners.

4. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

5. **Good Cause: Words and Phrases.** Good cause means a substantial reason; one that affords a legal excuse.

6. ____: ____. Good cause is something that must be substantial, but also a factual question dealt with on a case-by-case basis.

Appeal from the District Court for Hall County: William T. Wright, Judge. Affirmed.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

Frantz G. Kolbjornsen appeals from a criminal case order denying relief under two different "speedy trial" statutes.[1] Because Kolbjornsen was a Nebraska prisoner at all relevant times, only one statute applied—the one governing intrastate detainers.[2] We conclude that the district court's determination that courtroom unavailability established good cause to extend the time in which to try Kolbjornsen was not clearly erroneous, and we affirm.

## BACKGROUND

In September 2014, Kolbjornsen began serving sentences imposed for criminal offenses committed in Hamilton County, Nebraska. Approximately 2 months later, the State filed a complaint in the county court for Hall County, alleging that Kolbjornsen committed assault on a peace officer in the third degree. On December 16, the State received a letter from the Department of Correctional Services stating that Kolbjornsen was requesting a quick and speedy disposition of two untried charges, one of which was the charge for assault on a peace officer in the third degree. The State later amended the charge to assault by a confined person, and Kolbjornsen was bound over to the district court after a preliminary hearing. On March 3, 2015, the State filed an information charging Kolbjornsen with assault by a confined person.

In May 2015, the State filed a motion requesting the district court to advance Kolbjornsen's trial "for speedy trial requirements" and requesting a hearing date as soon as possible. During a hearing on the motion, the court stated that it would

---

[1] Neb. Rev. Stat. §§ 29-1207 and 29-3805 (Reissue 2016).

[2] § 29-3805.

advance the trial from August until May 27 or 28. On May 22, Kolbjornsen moved for continuance, stating that the defense was not ready to proceed to trial. The district court thereafter granted the motion and continued the matter until August 26.

On August 12, 2015, the district court held a final plea hearing. During the hearing, Kolbjornsen's counsel stated that Kolbjornsen did not "have a problem" if his trial was not held in August. The court explained that various jury courtrooms were going to be unavailable during renovations to the building, including the courtroom in which Kolbjornsen's trial was to be held. After the bailiff said "no jury trials" for October and November, Kolbjornsen's counsel asked, "Could we shoot for October . . . and see if something breaks[?]" The court responded, "Well, basically, what we have been told is nothing is available for October." The court continued the trial until December 16.

On December 7, 2015, Kolbjornsen filed two motions. One motion requested absolute discharge under § 29-1207. The other motion sought to dismiss the case for lack of jurisdiction under § 29-3805.

During a hearing on the motions before Judge William T. Wright, the district court received exhibits and heard testimony of witnesses. Evidence established that the district court for Hall County had two district courtrooms large enough to accommodate jury trials and that those courtrooms were shared by three district judges. In 2015, Hall County began repairs within the courthouse and repairs to the courtrooms were scheduled to begin in October. The courtrooms were unavailable while being repaired. Since October, only one jury courtroom was available for all district court cases. Each of the three district judges was assigned specific dates to conduct jury trials during October through December. The evidence showed that Judge Wright conducted a criminal jury trial for a different individual on August 26 and 27. Judge Wright's bailiff stated in an affidavit that the judge was scheduled to preside over 26 criminal jury trials for June through August in Hall County

and 27 such trials for September through December. The bailiff stated that Judge Wright also was presiding over additional cases in Buffalo County during those times, in addition to civil cases in both Hall County and Buffalo County. The bailiff stated that "all hearings and trials were calendared and docketed at the earliest . . . date available to the court for such purpose" and that "there weren't any earlier available dates to set this case for hearings or trial."

The district court denied Kolbjornsen's motions. The court found that renovations caused one of the two district court courtrooms to be unusable for jury trials for substantial periods. The order stated that repairs to courtrooms in which jury trials could be held were scheduled to begin in October 2015, that the repairs had not been completed at the time of the order, and that the courtrooms were not available for use while being repaired. The order further stated that from October 25 to the end of 2015, only one jury courtroom was available for all district court cases due to repair work. The court found that all three of the district judges were using one jury courtroom during the months of October, November, and December, and that each district judge was assigned specific dates to conduct jury trials within that timeframe. As to Kolbjornsen's motion under § 29-1207, the court determined that the period from August 26 to December 16 should be excluded under § 29-1207(4)(b) and (f). With regard to Kolbjornsen's motion under § 29-3805, the court found that the reasons it gave on August 12 to continue the matter to December 16 established "good cause." The court found that for good cause, the period of time between May 22 and August 12 and between August 12 and December 16 should be excluded. The court concluded that neither time limit required dismissal at the time that Kolbjornsen filed his motions.

Kolbjornsen filed a timely appeal, which we moved to our docket.[3]

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

## ASSIGNMENT OF ERROR

Kolbjornsen assigns, consolidated, that the district court erred in overruling his motions pursuant to §§ 29-1207 and 29-3805.

## STANDARD OF REVIEW

[1] Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[4]

[2] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[5]

## ANALYSIS

### § 29-1207 Does Not Apply

[3] Kolbjornsen sought relief under the speedy trial provisions of two different legislative acts, but only one applies to his case. Both §§ 29-1207 and 29-3805 address speedy trial rights. But we have previously held that the latter statutory procedure, rather than the former, applies to instate prisoners.[6] Because Kolbjornsen was a "committed offender"[7] in the custody of the Department of Correctional Services at the time that he filed his motions, his statutory speedy trial rights were governed by Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 2016). The procedure under § 29-1207 does not apply.

[4] Kolbjornsen suggests that because the State "never asserted [the statute's] inapplicability" and the district court

---

[4] *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

[5] *Id.*

[6] See, *State v. Tucker, supra* note 4; *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990); *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986). See, also, *State v. Caldwell*, 10 Neb. App. 803, 639 N.W.2d 663 (2002).

[7] See Neb. Rev. Stat. § 83-170(3) (Supp. 2015).

"did not decide the issue," we "cannot review a decision not made by the lower court."[8] He relies on our oft-repeated statement that an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.[9] But the district court *did* consider the applicability of § 29-1207. The question cannot be divided in the artificial way that Kolbjornsen urges. When the court denied any relief purportedly based on § 29-1207, it came to the right result for the wrong reason—albeit without any help from the State below. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[10] Kolbjornsen's assignment of error regarding § 29-1207 lacks merit.

## INTRASTATE DETAINER
### GENERAL TIME LIMIT

The intrastate detainer statute generally provides a 180-day time limit to commence a trial. Section 29-3805 requires that an untried indictment, information, or complaint be brought to trial "[w]ithin one hundred eighty days after the prosecutor receives a certificate from the director pursuant to section 29-3803 or 29-3804 or within such additional time as the court for good cause shown in open court may grant . . . ."

The consequence of not bringing a charge to trial within that time period is dismissal with prejudice of the untried indictment, information, or complaint.[11] Here, the 180-day period began running on December 16, 2014. Without any extensions, Kolbjornsen needed to be tried by June 14, 2015.

But, as § 29-3805 expressly states, the 180-day period may be extended "for good cause shown in open court." And the State relies on an extension based on this language.

---

[8] Reply brief for appellant at 1.

[9] See, e.g., *State v. Huston*, 285 Neb. 11, 824 N.W.2d 724 (2013).

[10] *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[11] § 29-3805.

### Definition of "Good Cause"

[5,6] We have not defined "good cause" for purposes of § 29-3805, but the Nebraska Court of Appeals has. "Good cause means a substantial reason; one that affords a legal excuse."[12] It is "something that must be substantial, but also a factual question dealt with on a case-by-case basis."[13]

We see no reason to depart from this definition, although it is concededly very general. And in applying the definition, each case must be determined based upon its particular facts and circumstances.

The Nebraska appellate courts have applied the "good cause" extension of § 29-3805 to continuances obtained under a variety of circumstances. We have held that a continuance granted at an instate prisoner's request in the county court where a complaint is pending against the prisoner extends the time within which such a prisoner must be brought to trial under § 29-3805.[14] And the Court of Appeals has determined that a continuance granted at a prosecutor's request but with the implicit consent of the prisoner's attorney extended the time limit.[15]

### Application of
### Statutory Extension

There is no dispute that Kolbjornsen's request for a continuance extended the time in which to try him. On May 22, 2015, Kolbjornsen moved for continuance, and the court continued the matter until August 26. Kolbjornsen agrees that 96 days should be added to the 180-day period. This extended the deadline to September 18. Thus, Kolbjornsen's argument depends upon the events of the August plea hearing.

---

[12] *State v. Rouse*, 13 Neb. App. 90, 94, 688 N.W.2d 889, 892 (2004).

[13] *State v. Caldwell, supra* note 6, 10 Neb. App. at 808, 639 N.W.2d at 667.

[14] See *State v. Soule, supra* note 6.

[15] See *State v. Rouse, supra* note 12.

Kolbjornsen's argument that he had no notice that "[§] 29-3805 matters"[16] were being discussed at the August 12, 2015, hearing is perhaps somewhat disingenuous. Although the hearing was a final plea hearing, Kolbjornsen's counsel stated at the outset:

> Well, Your Honor, there is no plea agreement. I have discussed with . . . Kolbjornsen the Court's docket, which I spoke to myself just a few minutes ago, Your Honor, and I think you are well aware of your docket. . . . Kolbjornsen doesn't have a problem if we don't try it this month, Your Honor, but I'm eagerly awaiting some sort of idea when it would be tried, Your Honor. And that would be the point. I mean he doesn't want to wait too long, but he doesn't mind continuing it from this month.

The court responded, "Well, the problem is essentially one of facilities, as well as other matters demanding the Court's time for trial, particularly jury trial." The court proceeded to further explain the upcoming unavailability of courtrooms. After explaining that the only option for a jury trial was in December, the court stated that "Kolbjornsen is free, if he chooses, to seek some kind of motion for dismissal on the basis of speedy trial, but quite frankly under the circumstances, I think the Court and the State have a legitimate excuse." Kolbjornsen's counsel declined to waive a speedy trial and stated, "I agree with you, if I want to, I'll file a motion and I guess the Nebraska Supreme Court can take it up then." Clearly, Kolbjornsen's speedy trial rights were a substantial focus of the August 12 hearing.

And in due course, Kolbjornsen filed his motions (one based on § 29-1207 and the other based on § 29-3805). His motions relied solely on statutory grounds and did not assert any constitutional issue. As we have recited, the district court conducted an evidentiary hearing.

---

[16] Brief for appellant at 12.

The evidence at this hearing established that there was no time or place to hold a jury trial for Kolbjornsen in August 2015. Kolbjornsen argues that the State failed to prove a courtroom was unavailable on and around August 26. But the evidence shows that the judge conducted a criminal jury trial on August 26 and 27 for a different defendant, against whom the State had filed an information 1 month before it filed the information against Kolbjornsen. Thus, the judge handling Kolbjornsen's case and a jury-capable courtroom were unavailable on those dates. The judge's bailiff stated that on August 12, she advised the court that another case was set for a jury trial for the August jury term, that "there was no other . . . court space available to complete a jury trial on that date[,] and that the next available jury trial date would be December 16, 2015." The State established courtroom unavailability around August 26.

The district court's determination that courtroom unavailability constituted good cause to continue the trial was not clearly erroneous. According to the evidence, only one jury courtroom was available for all district court cases since October 2015 and the three district judges were assigned specific dates to conduct jury trials during October through December. We agree with the district court that under the circumstances, good cause existed to continue the trial from August 26 to December 16, thereby extending the time to try Kolbjornsen for an additional 112 days.

Nonetheless, we caution trial courts to tread carefully in granting continuances based on courtroom unavailability. The counties play an important role in providing "suitable . . . accommodation."[17] Here, the State produced enough evidence to satisfy its initial burden of production. But evidence of other alternatives might easily have tipped the balance against a continuance.

---

[17] See Neb. Rev. Stat. § 23-120(1) (Reissue 2012).

Because good cause was shown to extend the June 14, 2015, trial date by a total of 208 days, the State had until Friday, January 8, 2016, to bring Kolbjornsen to trial. Accordingly, the time to try Kolbjornsen had not expired at the time of his December 7, 2015, motion, and the district court properly overruled Kolbjornsen's motion.

## CONCLUSION

We conclude that the speedy trial provisions of § 29-1207 had no application to Kolbjornsen, because he was a Nebraska prisoner. Rather, the time was governed by § 29-3805. Under the circumstances, the district court's determination that courtroom unavailability established good cause to extend the time in which to try Kolbjornsen was not clearly erroneous. Because the time to try Kolbjornsen had not expired when he filed his motion to dismiss the case, the district court correctly overruled the motion.

Affirmed.