Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2021 08:07 AM CDT

Stacy Renee Langley, appellant, v.
Christopher Kent Langley, appellee.

___ N.W.2d ___

Filed April 20, 2021.    No. A-20-620.

1. **Modification of Decree: Child Support.** Modification of child support is entrusted to the discretion of the trial court.
2. **Modification of Decree: Child Support: Appeal and Error.** An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion.
3. **Evidence: Appeal and Error.** In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue.
4. **Judges: Words and Phrases.** A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result.
5. **Child Support.** Child support orders are always subject to review and modification.
6. **Modification of Decree: Child Support: Proof.** The party seeking the modification of child support has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification.
7. **____: ____: ____.** A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered.
8. **Modification of Decree: Child Support.** The paramount concern in child support cases, whether in the original proceeding or subsequent modification, remains the best interests of the child.
9. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

Appeal from the District Court for Cheyenne County: Travis P. O'Gorman, Judge. Affirmed.

James R. Korth, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellee.

Moore, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Stacy Renee Langley appeals the decision of the district court for Cheyenne County modifying her divorce decree to require her to pay her former husband, Christopher Kent Langley, child support in the amount of $425 per month. We affirm the district court's order, albeit for a different reason as set forth below.

## BACKGROUND

Stacy and Christopher married in August 1995 and divorced in November 2015. At the time of the decree, the couple had four minor children. The decree ordered joint legal and joint physical custody of the children. The parties agreed that Stacy would have the children on the first, third, and fifth weekends of each month and that during the summer, the parties would alternate parenting time every 2 weeks. The decree provided parenting time for all holidays and birthdays. The child support worksheet attached to the decree showed Stacy's final share of the child support obligation to be $1,183 and Christopher's share to be $3,045. The joint physical custody worksheet, attached to the decree, indicated total support of $995 due from Christopher. However, no child support was ordered from either parent based on "the amount of time the parties shall have with the minor children and the financial situation of the parties." Neither party appealed.

In October 2019, Stacy moved to modify the original decree, seeking a change in custody. At the time of modification, the two oldest children had reached the age of majority, so the modification request affected only the remaining two minor children. Stacy claimed material changes occurred since the decree's entry in 2015. She alleged Christopher repeatedly had been intoxicated in front of the minor children, allowed them to operate motor vehicles without licensure, left them unattended, disparaged Stacy in front of them, and failed to communicate with Stacy regarding their health care and education. Stacy also alleged that one of the children had increasing behavioral issues and declining grades while in Christopher's care and that Christopher had instructed the other minor child to act as his designated driver while Christopher was intoxicated. As a result, Stacy requested that she be awarded the care, custody, and control of the minor children and child support.

In his answer and counterclaim, Christopher denied the allegations and sought sole physical custody, child support, and termination of alimony payments. He cited a change in his income and in Stacy's employment as material changes in circumstances to justify the modification of child support. Christopher also claimed that although the original decree stated that the parties were to have joint legal and physical custody, in reality, he has had sole physical custody of the children based upon the parenting time awarded.

Christopher presented evidence at the modification hearing that his salary had decreased since the original decree, at which time he was employed by an outdoor recreation retailer. He explained that his salary changed after the retailer was purchased by another company and he was terminated. Christopher testified that he previously earned between $80,000 and $100,000 per year, depending on bonuses. The worksheet attached to the original decree reflected a monthly income for Christopher of $8,348.43. At the time of the modification hearing, he was employed by an energy company,

earning $26.90 per hour at 40 hours per week with "typically, no overtime." Stacy's proposed child support calculation offered at the modification hearing reflected a monthly income of $5,069.94 for Christopher. Stacy's income remained somewhat equal with a monthly income of $2,550 at the time of the dissolution and $2,375.75 at the time of the modification hearing.

As pertinent to this appeal, the district court agreed that the decree's parenting plan, originally labeled as joint physical custody, was "not actually joint for purposes of child support" and that child support should be awarded under a sole physical custody calculation. Based on worksheets 1 and 4 of the Nebraska Child Support Guidelines, along with a deviation for travel expenses, it ordered Stacy to pay $425 per month in child support for the two minor children. It made no changes with regard to custody. Stacy appeals.

## ASSIGNMENT OF ERROR

Stacy's sole assignment of error is that the district court erred in modifying the decree to require her to pay child support.

## STANDARD OF REVIEW

[1,2] Modification of child support is entrusted to the discretion of the trial court. *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018). An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Id.*

[3,4] In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Id.* A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

Stacy argues that the district court erred when it found a material change of circumstances based upon the amount of time the children spent with Christopher. Specifically, she argues that because the parties were following the parenting time schedule in the original decree, there was no material change in circumstances. While we agree with Stacy, we affirm the decision of the district court for a different reason.

[5-8] Child support orders are always subject to review and modification. *Incontro v. Jacobs*, 277 Neb. 275, 761 N.W.2d 551 (2009). The party seeking the modification of child support has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification. *Id.* A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered. *Grahovac v. Grahovac*, 12 Neb. App. 585, 680 N.W.2d 616 (2004). But, the paramount concern in child support cases, whether in the original proceeding or subsequent modification, remains the best interests of the child. *Incontro v. Jacobs, supra*.

Because Christopher moved to modify the decree regarding child support payments, he bore the burden of proving a material change in circumstances which occurred subsequent to the entry of the original decree that justified such a modification. See *id.* The material changes that Christopher listed in his counterclaim in support of modification of child support were the decrease in his income and Stacy's change in employment. The court, however, found support for the modification due to the amount of time Stacy and Christopher each spent with the children.

The evidence presented at the modification hearing showed that the parties followed the joint custody plan as outlined by the original decree, granting Stacy visitation on the first, third, and fifth weekends of each month, along with every other

2-week period in the summer and every other holiday. There was no evidence presented of a material change in circumstances regarding the amount of time spent with the children because the parties continuously exercised the parenting time as originally ordered in the decree; therefore, nothing had changed. See *id.* As such, the court abused its discretion in finding a material change in circumstances due to the amount of time the children spent with each parent.

However, Christopher's counterclaim listed his decreased income and Stacy's new employment as the material changes justifying modification of child support. Under Neb. Ct. R. § 4-217:

> Application of the child support guidelines which would result in a variation by 10 percent or more, but not less than $25, upward or downward, of the current child support obligation, child care obligation or health care obligation, due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances.

Child support in the original decree was set at a $0 contribution for both parents. Christopher presented evidence at the modification hearing regarding his change of financial circumstances. His salary decreased from $100,181.16 (the amount used at the dissolution hearing) to approximately $55,952 per year ($26.90 per hour × 40 hours per week × 52 weeks per year). He presented pay stubs of his decreased salary from December 16, 2019, through April 19, 2020. The evidence revealed that Stacy earned $28,509 per year at the time of trial. Because application of the child support guidelines would result in a variation by 10 percent or more of the current child support obligation, Christopher created a rebuttable presumption of a material change in circumstances in accordance with § 4-217. Stacy did not rebut this presumption.

[9] The district court, however, did not base its decision to modify child support on the change in income; rather, it

did so on the amount of time that each parent spent with the children. However, the district court correctly determined that pursuant to the Nebraska Child Support Guidelines, Stacy owed Christopher child support. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result. *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016). As such, we affirm the district court's decision but on the grounds that Christopher's reduction in wages constituted a material change of circumstances.

Stacy makes no argument regarding the method by which the court calculated child support; rather, she assigns only its decision to order child support and argues only that no material change in circumstances was proved. Consequently, we do not address the court's decision to award child support on a basic child support calculation without also modifying physical custody.

## CONCLUSION

Finding no abuse of discretion in the award of child support, we affirm the modification order.

AFFIRMED.