IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HAUSER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DESMOND J. HAUSER, APPELLANT.

Filed April 19, 2022.    No. A-21-638.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Desmond J. Hauser, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman, for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Desmond J. Hauser filed a motion for absolute discharge in the district court for Lancaster County, alleging a violation of his statutory right to a speedy trial. The court determined that Hauser's right to a speedy trial was governed by Neb. Rev. Stat. §§ 29-3801 through 29-3809 (Reissue 2016), the statutes concerning procedures by which a Nebraska prison inmate may assert his or her right to a speedy disposition of pending Nebraska charges, and overruled the motion to discharge. Finding no error, we affirm.

## STATEMENT OF FACTS

*County Court Procedural Background and Detainer.*

On November 9, 2020, the State filed a criminal complaint in the county court for Lancaster County, charging Hauser with driving during a period of revocation in violation of Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2020); possession of a firearm by a prohibited person in violation of

Neb. Rev. Stat. § 28-1206(1)(3)(B) (Cum. Supp. 2020); possession of a defaced firearm in violation of Neb. Rev. Stat. § 28-1207 (Reissue 2016); possession of a controlled substance in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2020); and possession of a destructive device in violation of Neb. Rev. Stat. § 28-1220 (Reissue 2016).

Hauser appeared in county court on November 10, 2020, for an arraignment hearing. A journal entry filed on the same day reflects that the arraignment hearing was continued to November 19 and notes that Hauser "was not answering questions from the judge."

Our record indicates that the continued arraignment hearing was held on November 12, 2020. A journal entry filed the same day reflects that the hearing was continued to December 15 and notes that Hauser was "still not cooperating." The journal entry also states that Hauser would "not respond to questions regarding court appointed counsel. . . ."

On November 20, 2020, the Lancaster County Sheriff filed a detainer against Hauser. A letter from the Department of Correctional Services, dated December 3, confirmed that a detainer had been filed against Hauser and included Hauser's signed request for disposition of untried charges pursuant to §§ 29-3801 through 29-3809. We note that next to his signature, Hauser appears to have written "under duress." In a letter dated December 11, the Lancaster County Attorney noted that it had received the Department of Correctional Services' detainer notification on December 7.

Hauser's case proceeded in county court. An arraignment hearing was held on December 15, 2020, and a journal entry filed on the same day notes that the court appointed standby counsel as Hauser had elected to represent himself before the court.

A preliminary hearing was held on January 26, 2021, and was continued to February 3. The record does not indicate why the preliminary hearing was continued.

On February 3, 2021, the preliminary hearing was continued to February 26 on a motion by the State.

On February 26, 2021, Hauser's standby counsel filed a motion to continue the preliminary hearing due to a medical emergency. In an order entered the same day, the county court granted standby counsel's motion and continued the preliminary hearing to March 30 for good cause.

On March 30, 2021, the preliminary hearing was held and the case was bound over to district court.

*District Court Procedural Background.*

On April 8, 2021, the State filed an information in the district court for Lancaster County, again charging Hauser with the same crimes as in the county court complaint. An arraignment hearing was held on April 14, 2021, and all parties appeared via videoconference. The district court repeatedly asked Hauser whether he understood the charges and possible penalties. In response, Hauser repeatedly informed the court that he did not understand. Hauser also argued that he had the right to be "present at all stages of the trial" and that he had not agreed to appear via videoconference before the court. The State moved for a competency evaluation based on Hauser's "lack of comprehension" regarding the information and the proceedings. The court sustained the State's motion over Hauser's objection.

A competency hearing was held on May 11, 2021. The district court received a copy of Hauser's April 12 mental status examination from the Nebraska Department of Health and Human

Services. The court found Hauser competent to stand trial and placed the case on the next jury docket call. The State also arraigned Hauser on the charges.

A pretrial hearing was held on July 12, 2021. After extensive inquiry, the district court found that Hauser had freely and voluntarily waived his right to counsel. The court appointed Hauser the same standby counsel who had assisted Hauser in county court.

*Hauser's Motion for Discharge.*

On August 2, 2021, following the district court's instructions on voir dire, Hauser moved for absolute discharge as "the State ha[d] violated [his] 180-day detainer." An evidentiary hearing on Hauser's motion for discharge was immediately held. Hauser offered various exhibits including the county court's journal entry and order from November 12, 2020; the detainer filed by the Lancaster County Sheriff; and Hauser's speedy trial calculation. The State offered a certified copy of all previous case proceedings and the letter the State had sent to the Department of Corrections acknowledging the receipt of the detainer notification. The court received all offered exhibits, with Hauser's speedy trial calculation received for demonstrative purposes only. Following argument by both parties, the court took the matter under advisement.

The same day, the district court entered an order overruling Hauser's motion for absolute discharge. The court observed that the 180-day period for disposition of untried charges pursuant to § 29-3805 would have run on June 5, 2021. The court performed a calculation of excludable time, attributing 8 days to continuances caused by Hauser's unwillingness to answer the county court's questions, 32 days to the continuance granted by the county court related to standby counsel's medical emergency, and 27 days to Hauser's competency evaluation and hearing. The court also noted good cause existed for the three instances of excludable time. The court excluded a total of 67 days and found that the State had until August 11 to try Hauser on the charges.

Hauser appeals.

## ASSIGNMENT OF ERROR

Hauser asserts, restated, that the district court erred in failing to find that his statutory right to a speedy trial was violated.

## STANDARD OF REVIEW

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).

## ANALYSIS

We begin by noting that Hauser's brief raises an argument related to his constitutional right to a speedy trial. Our record does not contain Hauser's motion for absolute discharge. However, Hauser's oral motion, made in district court on August 2, 2021, referenced his "180-day detainer" and thus, the intrastate detainer statute. Because Hauser moved for absolute discharge on statutory grounds only, the district court did not address his constitutional right to a speedy trial in its order. An appellate court will not consider an argument or theory that is raised for the first time on appeal. *Noah's Ark Processors, LLC v. UniFirst Corporation*, 310 Neb. 896, 970 N.W.2d 72 (2022). In addition, we note that the Nebraska Supreme Court has recently held that orders overruling

motions for discharge on constitutional speedy trial grounds are not immediately appealable. *See State v. Abernathy*, 310 Neb. 880, ___ N.W.2d ___ (2022). Therefore, we address only Hauser's statutory right to a speedy trial.

Because Hauser was a "committed offender" in the custody of the Department of Correctional Services at the time that he filed his motion, his statutory speedy trial rights were governed by §§ 29-3801 to 29-3809. *See State v. Kolbjornsen, supra*. The intrastate detainer statute generally provides a 180-day time limit to commence a trial. Section 29-3805 requires that an untried indictment, information, or complaint be brought to trial "[w]ithin one hundred eighty days after the prosecutor receives a certificate from the director pursuant to section 29-3803 or 29-3804 or within such additional time as the court for good cause shown in open court may grant. . . ."

The consequence of not bringing a charge to trial within that time period is dismissal with prejudice of the untried indictment, information, or complaint. *See* § 29-3805. Here, both parties agree that the 180-day period began running on December 7, 2020, the day the Lancaster County Attorney received the detainer notification. Without any extensions, Hauser needed to be tried by June 5, 2021.

But, as § 29-3805 expressly states, the 180-day period may be extended "for good cause shown in open court." Good cause means a substantial reason; one that affords a legal excuse. *State v. Kolbjornsen, supra*. It is something that must be substantial, but also a factual question dealt with on a case-by-case basis. *Id*.

The district court found that three periods of delay in Hauser's case were for good cause. The first being continuances caused by Hauser's unwillingness to answer the county court's questions, the second being a continuance related to standby counsel's medical emergency, and the third being a delay caused by Hauser's competency evaluation and hearing. We take up each delay in turn.

*Hauser's Unwillingness to Cooperate.*

The district court noted that Hauser's arraignment in county court had been continued from November 10, 2020, to November 12, and from November 12 to December 15, due to Hauser's unwillingness to answer the county court's questions. The district court found that while Hauser did not move to have his arraignment hearings continued, this delay should not count against the State, as it was Hauser's own unwillingness to cooperate which led the county court to continue the hearing. The district court also observed that instances when Hauser was uncooperative prior to December 7 were irrelevant to the motion for absolute discharge, because the 180-day period began the day the Lancaster County Attorney received the detainer notification from the Department of Correctional Services. Thus, 8 days were attributed to this excludable period from December 7 to December 15.

Hauser agrees that all periods of delay prior to December 7, 2020, are irrelevant. However, he asserts there was not good cause to exclude these 8 days from the speedy trial clock. Hauser argues that he was exercising his constitutional right to self-representation and that "the county court incorrectly attributed his unwillingness to discuss being represented by court appointed counsel as reason for delay." Brief for appellant at 10.

An accused has a state and federal constitutional right to be represented by an attorney in all critical stages of a criminal prosecution which can lead to a sentence of confinement. *State v.*

*Warlick*, 308 Neb. 656, 956 N.W.2d 269 (2021). In order to exercise the right of self-representation, a defendant must first make a knowing and intelligent waiver of the right to counsel. *Id*. In determining whether there has been a knowing and voluntary waiver of the right to counsel, the key inquiry is whether the defendant was sufficiently aware of the right to have counsel and of the possible consequences of a decision to forgo the aid of counsel. *Id*.

The journal entry from Hauser's arraignment hearing in county court on November 12, 2020, noted that Hauser would "not respond to questions regarding court appointed counsel." Without responses from Hauser, the county court would not be able to determine whether Hauser was making a knowing and voluntary waiver of his right to counsel. Therefore, it was appropriate for the county court to continue Hauser's arraignment hearing due to Hauser's unwillingness to answer the county court's questions. We agree with the district court that under the circumstances, good cause existed to continue Hauser's arraignment hearing, thereby extending the time to try Hauser by 8 days.

*Standby Counsel's Motion to Continue.*

The district court also found the motion to continue made by Hauser's standby counsel was granted for good cause. The record indicates that standby counsel had fallen the morning of Hauser's preliminary hearing on February 26, 2021, and was anticipated to be in surgery at the time of the hearing. Standby counsel made the motion to continue on February 26, and the county court granted the motion the same day. The preliminary hearing was continued by the county court to March 30 for good cause. Thus, the district court attributed 32 days to this excludable period from February 26 to March 30.

Hauser argues that he had the "prerogative to control the course of his case, and standby counsel may not usurp from [Hauser] the tactical or strategic decision making integral to [Hauser's] defense." Brief for appellant at 18. Hauser also asserts that he objected to his standby counsel's motion to continue, but no such objection appears in our record. Hauser did object to the continuance establishing an excludable period at the evidentiary hearing on his motion for absolute discharge.

The decision to represent oneself is a choice exercised by a defendant, and the appointment of standby counsel to assist a pro se defendant is within the discretion of the trial court. See *State v. Gunther*, 278 Neb. 173, 768 N.W.2d 453 (2009). The United States Supreme Court has noted that standby counsel may be appointed "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975).

Hauser's standby counsel was appointed at the discretion of both the county and district court after Hauser decided to represent himself in the proceedings before both courts. Because standby counsel had been appointed to assist Hauser, we find it was appropriate for the county court to grant standby counsel's motion to continue the preliminary hearing so that standby counsel could be present at the hearing. Additionally, the reason for standby counsel's continuance was an urgent and unavoidable medical emergency. We agree with the district court that under the circumstances, good cause existed to continue Hauser's preliminary hearing, thereby extending the time to try Hauser by 32 days.

*Competency Evaluation and Hearing.*

Finally, the district court found that the period of time between the district court sustaining a motion for a competency evaluation and the court finding Hauser was competent to be a delay for good cause. The State's motion for a competency evaluation was sustained during Hauser's arraignment hearing in district court on April 14, 2021, and the court found Hauser competent during a hearing on May 11. Thus, 27 days were attributed to this excludable period from April 14 to May 11.

Hauser asserts that "[competency] examinations must be undertaken for good cause and not merely on the whim of the State or the court." Brief for appellant at 21. Hauser argues that the district court ordered Hauser to undergo a competency evaluation due to Hauser's "continual assertion of his right to self-representation, even after finding that [Hauser] was competent enough to represent himself with the appointment of standby counsel." Brief for appellant at 22.

Issues of competency of criminal defendants to be convicted and sentenced implicate fundamental and long-established due process principles. *State v. Griffin*, 20 Neb. App. 348, 823 N.W.2d 471 (2012). A criminal defendant's assertions of competency cannot be dispositive because it is contradictory to argue that a defendant may be incompetent and yet knowingly or intelligently waive his or her right to have the court determine his or her capacity to stand trial. *Id*. If facts are brought to the attention of the court which raise doubts about the competency of the defendant, the question of competency should be determined at that time. *Id*. The conviction of an accused person while he or she is legally incompetent violates the constitutional guarantee of substantive due process. *Id*.

During his arraignment hearing in district court on April 14, 2021, Hauser repeatedly told the court that he did not understand the charges and possible penalties. When asked by the district court what specifically he did not understand, Hauser responded, "All of it." While the record indicates that Hauser was frustrated to be appearing before the court via videoconference, rather than in-person, Hauser's repeated statements that he did not understand the charges and possible penalties read to him at his arraignment raised doubts about Hauser's competency.

Later in the hearing, Hauser asserted that he was "perfectly competent" and objected to the State's motion for a competency evaluation. However, Hauser's assertions of competency to the district court were not dispositive and it was appropriate that the court sustained a motion for a competency evaluation to protect Hauser's substantive due process rights. We agree with the district court that under the circumstances, good cause existed to delay proceedings to have Hauser's competency evaluated, thereby extending the time to try Hauser by 27 days.

Because good cause was shown to extend the June 5, 2021, trial date by a total of 67 days, the State had until August 11 to bring Hauser to trial. Accordingly, the time to try Hauser had not expired at the time of his August 2 motion for absolute discharge, and the district court properly overruled Hauser's motion.

## CONCLUSION

We conclude that Hauser's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it overruled Hauser's motion on that basis.

AFFIRMED.