STATE OF NEBRASKA, APPELLEE, v. JAMES H. MCKEE,
APPELLANT.

164 N. W. 2d 434

Filed January 24, 1969.  No. 36889.

Schrempp, Rosenthal, McLane & Bruckner, Warren G.
Albert, and James R. Welsh, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold
Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a criminal prosecution under section 28-508,
R. R. S. 1943, for receiving stolen property with the in-
tent to defraud the owner.  From a jury verdict of guilty
and a judgment and sentence thereon, the defendant ap-
peals.  We affirm the judgment.

The defendant's first contention is that the informa-
tion does not state the facts which constitute the offense
of receiving stolen property, under the above statute.
The information provides in part as follows:  "James
H. McKee late of the County aforesaid, on or about the

23rd day of May, A. D., 1967 in the County of Platte, and the State, aforesaid, then and there being, did then and there *feloniously receive goods of the value of over $100 that had been stolen, with the intent to defraud the owner thereof, the said James H. McKee knowing the said goods to have been stolen,* all contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Nebraska." (Emphasis supplied.)

The information is phrased in substantially identical language of the statute. The rule is when an information alleges all of the facts and elements necessary to constitute the offense described in the statute it is sufficient. Hans v. State, 147 Neb. 67, 22 N. W. 2d 385; McKenzie v. State, 113 Neb. 576, 204 N. W. 60; Chadek v. State, 138 Neb. 626, 294 N. W. 384. We note further that the defendant failed to move against the information by way of demurrer, motion to quash, or plea of abatement. Under the applicable statute, section 29-1812, R. R. S. 1943, the defendant has waived all defects that may be raised thereby. There is no merit to this contention.

The defendant complains that the venue of the case in Platte County, Nebraska, is improperly laid because the State has failed to prove that the act of receiving the stolen property occurred in Platte County, Nebraska. Our applicable statute, section 29-1307, R. R. S. 1943, specifically provides that the prosecution of the receiver of any personal property that shall have been feloniously stolen may be laid in the county where he received or *had such property,* notwithstanding the theft was committed in another county. The evidence shows that Ferer's Tobacco & Candy Company in Omaha, Nebraska, was burglarized and approximately 60 cases of cigarettes were taken. The company does not sell at wholesale to any retail outlets in Platte County, Nebraska, where this prosecution was initiated. The evidence is that the company's sole outlet for its product is in the area of Omaha, Nebraska. Each package of cigarettes is stamped

with the company's exclusively assigned state cigarette tax number of 28482. Each package of cigarettes received in evidence in this case was stamped by meter with the above number. The evidence also establishes that Ferer's Tobacco & Candy Company sells at wholesale to vending machine companies but that such vendors cannot sell at wholesale such cigarettes by the case but must put them in a machine for sale at retail. The evidence conclusively establishes that each package of cigarettes received in evdence, was found in Platte County, Nebraska, in the possession of the defendant or had been traded for or had been purchased from the defendant by the person who had custody over these cigarettes. This evidence is obviously ample, under the precise wording of the statute, to establish proof of venue by the State in the county where the defendant "had such property." There is no merit to this contention.

Interwoven with the above argument is the next contention of the defendant that the evidence was insufficient to sustain the verdict. The evidence is that 60 cases of cigarettes were stolen from Ferer's Tobacco & Candy Company's plant in Omaha, Nebraska, on March 12, 1967. These cigarettes were received from the manufacturer and duly stamped by the Ferer Company in its Iowa plant before delivery to its Nebraska plant in Omaha for sale at wholesale in Nebraska. The company is licensed to stamp cigarettes for sale in the State of Nebraska, has an exclusively assigned number of 28482, and it is undisputed that each package of cigarettes was stamped by the company by means of its metering machine. As mentioned before, Ferer's Tobacco & Candy Company has no service outlets outside of the Omaha area and specifically no retail outlet in Platte County, Nebraska. It does sell at wholesale to vending machine operators who place them in a machine for sale at retail. All of the packages of cigarettes introduced in evidence, stamped with the company's number, were

found in the possession of the defendant or had been traded for or purchased from the defendant by persons who actually had the custody of the same. More specifically the cigarettes which were identified as exhibit 4 had been purchased by one Stewart E. Halpin, a Nebraska highway patrolman, at the Avenue Bar in Columbus, Nebraska, which in turn is owned by one Tom Reilly. Reilly, in turn, had obtained the cigarettes, which were identified as exhibit 16 in the evidence, by trading the defendant some old cigarette stock. One Raymond Liss had purchased the cigarettes which were identified as exhibits 17 to and including 20 from the defendant. These in turn bore the metering stamp of Ferer's Tobacco & Candy Company, from which the 60 cases had been stolen. The balance of the cigarettes which were received in evidence, consisting of metered stamped cigarettes of Ferer's Tobacco & Candy Company, identified as exhibits 5 to and including 12 were found in the basement of the defendant's home located at 2909 Fifteenth Street, in Columbus, Platte County, Nebraska.

The defendant complains that there is insufficient evidence to establish guilty knowledge or intent to defraud on the part of the defendant. The evidence shows that one Raymond Liss had purchased his business, Ray's Bar, from the defendant on May 1, 1967, in Platte County, Nebraska. Subsequent thereto Raymond Liss was contacted by the defendant in regard to purchasing some cigarettes at $2.25 a carton. Liss did not purchase any cigarettes from the defendant at that time. However, at a later date, Liss went to the defendant's home on some other business and the defendant again offered to sell him cigarettes this time at $2 a carton, and Liss purchased the cigarettes at this price. The wholesale price at the time on regular cigarettes was $2.74 a carton and $2.84 a carton for king-size cigarettes. The defendant had a regularly issued tobacco license. In State v. Henry, 174 Neb. 432, 118 N. W. 2d 335, our court stated, on passing

upon the sufficiency of evidence in this kind of a situation, as follows: "If the facts which were known to each defendant were such that a man of the age, intelligence, and experience of each defendant would know that the television sets were stolen, then the jury could find that each defendant had guilty knowledge." As we view the evidence it is amply sufficient to sustain the verdict. It shows that the exhibits, representing cigarettes, were the same cigarettes stolen from Ferer's Tobacco & Candy Company and also clearly shows that the defendant received or had said exhibits in Platte County, Nebraska. It further sustains the finding that these cigarettes were sold or attempted to be sold and possessed under circumstances leading to a reasonable inference of guilty knowledge on the part of the defendant that the property was stolen. There is no merit to this contention.

The defendant complains that the trial court erred in failing to instruct the jury that guilty knowledge at the time of receiving was a factor to be considered by the jury in reaching its verdict. That the court properly instructed as to the element of guilty knowledge or intent to defraud is clearly demonstrated by a recital of instruction No. 4 which reads in part as follows: "Your verdict in this case must be not guilty unless you are satisfied by the evidence beyond a reasonable doubt of the truth of all three of the following material elements:

"1. That the defendant James H. McKee *did receive* goods of the value of $100.00 or upward that had been stolen, *with intent to defraud the owner thereof.*" (Emphasis supplied.) It is difficult to see how the court could have instructed in clearer language that the jury was required to find beyond a reasonable doubt that the defendant received the goods; that they were stolen; and that he received them with the intent to defraud the owner thereof.

Finally the defendant complains that the jury verdict did not find the actual value of the goods received by him. As set out above in instruction No. 4, the court

specifically required the jury, in order to find guilt, that the value of the goods be of $100 or upward. Under the evidence and this instruction no finding of receiving stolen property in a value less than $100 could have been made consistent with a verdict of guilty. The only verdicts possible, as the court submitted the case, were guilty as charged, or not guilty. It must follow, since the jury found the defendant guilty under this instruction, that it necessarily had to find the value of the goods to be $100 or upward. Defendant cites section 29-2026.01, R. S. Supp., 1967, and Hogoboom v. State, 120 Neb. 525, 234 N. W. 422, 79 A. L. R. 1171, as authority for his position in this case. The statute and the case cited describe an offense entirely distinct and different from the offense charged in this information under section 28-508, R. R. S. 1943. The reason for the holdings under the authorities cited by the defendant is that the court must know for what offense it is necessary to pass judgment and sentence on. Such a situation is not present in this case nor in a prosecution under the statute. The statute involved here describes a specific offense, that of receiving stolen property of a value of more than $100 with the intent to defraud. It does not permit a determination as to degrees of guilt proportionate to the amount of property stolen. In the instructions given, or in the corresponding verdict received, there is nothing misleading or uncertain about the jury's determination of value or the necessary finding for the court to properly pass judgment and sentence.

The judgment of the district court is correct and is affirmed.

AFFIRMED.