STATE OF NEBRASKA, APPELLEE, v. JEWEL A. HOUP,
APPELLANT.

166 N. W. 2d 117

Filed March 21, 1969. No. 37041.

Edward F. Carter, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

SMITH, J.

A jury found defendant guilty of larceny. He contends on appeal that the evidence is insufficient to sustain the finding.

A white trailer owned by Melvin Kastanek for transportation of grain had been stolen from Rapid Service Parking at Twenty-seventh Street and Cornhusker Highway, Lincoln, Nebraska. The trailer which had been seen there at 2 a.m., Saturday, October 29, 1966, was missing at 4 a.m. During the night, but prior to 4 a.m., someone had parked an old, red trailer with a Missouri license plate on the lot.

Defendant on two occasions had driven a truck-tractor with Florida license plates to the repair and service shop operated by Peter Sweinimer in Lincoln. The unit was somewhat distinctive: Manufacture, White; series 3000 in a year between 1959 and 1962; green color; tilt cab; and snub nose. On September 19, 1966, it was pulling a white trailer of undisclosed ownership. On October 27, it was pulling a red trailer. Defendant at the time purchased 50 gallons of fuel, delivering a truck jack to

Sweinimer for security. At 10 or 11 p.m., Sunday, October 30, Sweinimer again saw the tractor. It was parked on the east side of Ninth Street near K Street in Lincoln. Coupled to it was a white trailer similar to the one owned by Kastanek.

The jury heard testimony that defendant had been lodged far distant from Lincoln at the time of the asportation. A clerk of the Alton Hotel, Kansas City, Missouri, according to its proprietor, had accepted a guest registration of defendant at 9 p.m., October 28, 1966. Between 1 and 2 a.m. the next morning, defendant retired to his room where he remained until 7 or 8 a.m. He had spent some time that night in association with Albert W. Pavey in the vicinity of Kansas City, according to Pavey. Each witness and defendant were acquaintances of long standing.

Defendant was the lessee of the tractor and the red trailer which was equipped with an odometer. When he entered the Rapid Service Parking lot, Sunday, October 30, 1966, at 2:15 p.m., he learned of a hold on the trailer. The information caused him to telephone Lieutenant Lynn V. Parks, Nebraska State Patrol, and 15 minutes later Parks met defendant. Denying knowledge of the whereabouts of Kastanek's white trailer, defendant gave this account. He had uncoupled his semitrailer on the lot at 10:30 p.m., Friday, October 28. He then went downtown, parking the tractor near Ninth and K Streets. Saturday morning he drove to Beatrice and Wymore in an unsuccessful search for an old acquaintance. He returned to Lincoln Sunday at 2. p.m.

Defendant's tractor and Kastanek's trailer were seen at 6:40 a.m., November 4, 1966, by Robert R. Johns, a special agent in the United States Department of Agriculture. The place was a service station on U. S. Highway No. 71, one-half mile east of Belton, Missouri, and 10 to 15 miles south of Kansas City. The trailer which Kastanek had licensed in Nebraska exhibited an Iowa plate. Defendant uncoupled the units, obtaining per-

mission to park the trailer there. He left the morning of November 5, in the coupled tractor-trailer to drive north. He was arrested later that day.

Evidence is sufficient to sustain a verdict of guilt in a criminal prosecution only when the jury could properly find guilt beyond a reasonable doubt. Compare State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753, with State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187. See, generally, Goldstein "The State and the Accused: Balance of Advantage in Criminal Procedure," 69 Yale L. J. 1149; Note, 55 Colum. L. Rev. 549. The evidence in this case is sufficient.

AFFIRMED.