STATE OF NEBRASKA, APPELLEE, v. RICHARD JAMES LEARY,
APPELLANT.

173 N. W. 2d 520

Filed January 16, 1970. No. 37271.

A. Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant was convicted under an information charging robbery, and was sentenced to the Nebraska Penal and Correctional Complex. He has perfected an appeal to this court, attacking the sufficiency of the evidence to sustain a conviction.

At approximately 6 p.m., October 16, 1968, Simon Green and his wife were at their place of business, a grocery store, when two unmasked men walked in and one of them announced, "This is a stickup." One of the two men carried a sawed-off shotgun, the other a chrome-plated revolver. They ordered the Greens to lie down in the aisle. Mr. Green lay down on his stomach, but

Mrs. Green, who had arthritis, could not bend her knees. She was helped to a chair by the man with the sawed-off shotgun, who was identified as the defendant. Defendant tied her legs to the chair and also tied her hands. The two men rifled the cash register, and later searched Mr. Green. His hands were then tied with tape.

Jerry Manzer, a 17-year-old youth, was also in the store at the time and was made to lie down in the aisle. During the course of the robbery, Robert Combs, a 15-year-old youth, entered the store and was also directed to lie down in the aisle.

All of the witnesses identified the defendant and one Mathis as the participants. Separate informations had been filed against them, but the two cases were consolidated for trial. They were represented by different attorneys. The defendant herein was convicted, and Mathis was acquitted.

The sole complaint of the defendant is that Mathis was found innocent and he was convicted on substantially identical evidence. He argues that if the identification of Mathis is corroded by his alibi, how can the same witnesses be reliable against him?

The identification of the defendant by all four witnesses was positive as the man who carried the sawed-off shotgun. The identification of Mathis was equally positive by three of the witnesses, but rather uncertain on the part of Mrs. Green who was tied in the chair and should have had the best opportunity to observe the participants. Mathis produced strong alibi evidence, consisting of the testimony of his employer supported by a timecard indicating that at the time of the robbery he was employed several miles from the site of the robbery. If the jury believed this evidence it could find Mathis was not a participant, or that the evidence was not sufficient to find him guilty beyond a reasonable doubt.

The credibility of witnesses and the weight of the evidence are for the jury to determine in a criminal

case, and the verdict of the jury may not be disturbed by this court unless it is clearly wrong. State v. Knecht, 181 Neb. 149, 147 N. W. 2d 167.

Evidence is sufficient to sustain a verdict of guilty in a criminal prosecution only when the jury could properly find guilt beyond a reasonable doubt. State v. Houp, 184 Neb. 206, 166 N. W. 2d 117.

The defendant was unable to establish his whereabouts at the time of the robbery. The evidence against him was sufficient if believed by the jury to find him guilty of the crime charged beyond a reasonable doubt. The only point urged by the defendant is that his alleged accomplice was found innocent, but even defendant admits that Mathis had a very strong alibi, whereas he could not produce evidence of his presence elsewhere. The fact that Mathis was found innocent has no bearing herein. The judgment and sentence of the trial court are affirmed.

AFFIRMED.