STATE OF NEBRASKA, APPELLEE, V. JAMES WILLIAM ALCORN,
APPELLANT.

194 N. W. 2d 798

Filed February 18, 1972. No. 38077.

Robert V. Burkhard, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury found James William Alcorn guilty of the offense of receiving stolen property. On appeal he asserts insufficiency of the evidence of guilty knowledge and receiving.

On April 1 or 2, 1970, someone broke into the warehouse of Aaron Ferrer and Sons Company, a scrap metal dealer in Omaha. Stolen were 8 or 9 rolls of hard-

drawn, stranded copper wire. The manager informed the police and other scrap dealers, of whom the Alter Company in Council Bluffs, Iowa, was one.

On Saturday, April 4, 1970, Alcorn was a passenger in a Chevrolet automobile owned and operated by Chester Holliman. The latter was an employee of a meat packing company and a brother-in-law and close friend of Alcorn. The trunk of the Chevrolet contained 8 to 10 rolls of hard-drawn, stranded copper wire that weighed 800 pounds and had a market value of $400 to $500. Holliman and Alcorn proceeded to the Alter yard where they began unloading the rolls onto Alter's receiving dock. The Alter manager identified the rolls by their color, and he called the police.

The thief had entered the Ferrer warehouse by breaking a hole in an overhead door. The hole, 3½ feet in diameter, was located 2 feet above the bottom of the door. Ferrer had installed the "ADT" burglary alarm which an opening of the door but not the making of a hole, would activate. Near the inside of the door stood a forklift and an empty bucket of the skid type for storage of the rolls. The bucket with a capacity of 10 rolls had been full. One roll lay outside the door.

Hard-drawn, stranded copper wire was used principally in electrical transmission lines and occasionally in telephone lines. A scrap dealer seldom purchased the wire from anyone except such a company or another scrap dealer. The green color of the wire distinguished it from the red color of ordinary copper. There was no other direct physical evidence that the rolls in the Chevrolet were the rolls stolen from Ferrer.

Ferrer employed Alcorn from March 2 to April 5, 1970, to work chiefly in the warehouse. Alcorn had experience operating a forklift. At work on April 3 he heard other employees speaking of the breaking into the warehouse.

Alcorn, previously convicted of a felony, testified as follows. He had not heard anyone at work on April

3 say what the thief had stolen. Holliman ordinarily visited him early each Saturday. On April 4, 1970, he was awakened by Holliman. He subsequently rode with Holliman to the Alter yard without noticing that something was causing the rear of the car to ride low to the ground. En route he knew nothing of Holliman's destination or purpose. He first learned of the contents of the trunk when Holliman opened it. At the time Alcorn did not think of the Ferrer burglary. He asked Holliman why the latter did not sell the rolls to Ferrer. Holliman replied that Alter paid the better price. Holliman also said he had found the rolls in a South Omaha street.

A jury in a separate trial acquitted Holliman.

Evidence is sufficient to sustain a verdict of guilty in a criminal prosecution only when the jury could properly find guilt beyond a reasonable doubt. State v. Leary, 185 Neb. 76, 173 N. W. 2d 520 (1970).

In a prosecution for receiving stolen property where facts known to a defendant were such that a man of the age, intelligence, and experience of the defendant would know the property to have been stolen, a jury may properly find that defendant possessed guilty knowledge. State v. McKee, 183 Neb. 754, 164 N. W. 2d 434 (1969).

The word "receiving'" in the offense of receiving stolen property, essentially means acquisition of control in the sense of physical dominion or of apparent legal power to dispose. See A.L.I., Model Penal Code, Tent. Dr. No. 2, § 206.8, Comment 2, p. 94 (1956).

Conviction of the principal is not necessary for conviction of an aider or abettor. See, State v. Leary, 185 Neb. 76, 173 N. W. 2d 520 (1970); Pigman v. United States, 407 F. 2d 237 (8th Cir., 1969). In a prosecution for receiving stolen property, conviction of the defendant does not depend upon conviction of the thief. See Norton v. State, 119 Neb. 588, 230 N. W. 438 (1930).

The evidence of guilty knowledge and receiving on

the part of Alcorn is sufficient to sustain the verdict. Other contentions of Alcorn are not well taken.

The judgment is affirmed.

AFFIRMED.