Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/24/2023 09:06 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
JASON D. DEVERS, APPELLANT.
___ N.W.2d ___

Filed March 24, 2023.    No. S-22-301.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Pleadings.** Postconviction proceedings have their own pleading requirements, and the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings.

3. **Effectiveness of Counsel.** A pro se party is held to the same standards as one who is represented by counsel.

4. **Postconviction: Constitutional Law: Proof.** The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.

5. ____: ____: ____. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.

6. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

7. **Aiding and Abetting: Statutes.** By statute, all persons involved in the commission of a crime, as aider, abettor, procurer, or the one committing the act, are considered principals.

8. **Aiding and Abetting: Convictions.** Under Neb. Rev. Stat. § 28-206 (Reissue 2016), the conviction of the principal is not necessary for the conviction of an aider and abettor.

9. ____: ____. To convict an aider and abettor, it is not necessary that the identity of the principal be established.

10. **Criminal Law: Aiding and Abetting: Convictions.** An aider and abettor can be convicted of any crime, even a greater offense than the principal, provided the conviction is supported by the evidence of the facts and the defendant's state of mind.

11. **Aiding and Abetting.** Society is no less injured by the illegal acts of the aider and abettor when the principal escapes conviction.

12. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

13. **Effectiveness of Counsel.** Defense counsel is not ineffective for failing to raise an argument that has no merit.

14. **Pretrial Procedure: Prosecuting Attorneys: Evidence.** Under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), prosecutors owe a duty to disclose favorable evidence to criminal defendants prior to trial.

15. **Prosecuting Attorneys: Evidence: Verdicts.** The prosecution's undisclosed evidence must be material either to guilt or to punishment, and the prosecution's suppression of favorable evidence violates a defendant's due process right to a fair trial only if the suppressed evidence is sufficiently significant to undermine confidence in the verdict.

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Affirmed.

Jason Devers, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## I. INTRODUCTION

The defendant was convicted of first degree felony murder and use of a firearm to commit a felony, both in relation to a robbery he planned and then assisted in by driving the getaway vehicle. He appeals from the denial, without an evidentiary hearing, of two postconviction claims relating to the alleged dismissal of all charges against the shooter for lack of evidence. The defendant argues that, without a principal, it was legally impossible to convict him for aiding and abetting the crimes. Because all persons involved in the commission of a crime are considered principals under Nebraska law, the defendant failed to allege an infringement of his constitutional rights rendering the judgment void or voidable. We affirm.

## II. BACKGROUND

Jason D. Devers was sentenced to consecutive terms of life imprisonment and 5 to 5 years' imprisonment after being convicted of first degree felony murder and use of a firearm to commit a felony in relation to the death of Kyle LeFlore outside the Reign Lounge, a bar in Omaha, Nebraska. Devers' convictions and sentences were affirmed on direct appeal, where he was represented by new counsel and raised 13 claims of ineffective assistance of trial counsel.[1]

### 1. Trial

The facts relating to Devers' convictions are set forth more fully in our opinion on direct appeal.[2] The evidence at trial showed that Devers and Larry Goynes went to the Reign Lounge, where Devers told Goynes he knew of a "lick" at the bar. Devers and Goynes later exited the bar and sat in their vehicle in the parking lot until Goynes received a message from someone alerting him that LeFlore was leaving.

---

[1] *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020).

[2] See *id.*

Goynes exited the vehicle, and Devers drove off. Goynes attempted to rob LeFlore, who resisted. Goynes shot LeFlore and stole his jewelry. LeFlore died from his injuries.

After shooting and robbing LeFlore, Goynes ran down the street to where Devers was waiting with the vehicle and they absconded. A passenger in the back seat of Devers' vehicle testified that after Goynes ran up to the vehicle, Goynes exclaimed, "[L]eFlore wouldn't give up nothing so [Goynes] had to shoot him." She also testified Devers put a chain with a cross on it around his neck, which Goynes reported he had stolen from LeFlore.

A cellmate of Devers testified that Devers had told him he had arranged the "lick" of LeFlore and that Devers explained, "'I just didn't think my little cousin stupid ass would kill him. . . . I told him to shoot if he act up, but damn.'" Another cellmate testified Devers had told him he was the driver in the robbery.

The mother of Devers' children, who lived with him, testified that the day after the murder, she found in her dresser a necklace with a cross on it. The necklace was later identified as belonging to LeFlore, and LeFlore's DNA was identified on the cross.

## 2. Postconviction Motion

Devers filed a pro se verified motion for postconviction relief and a supplemental motion intended "to continue following the last page of his original POST-CONVICTION MOTION." Relevant to this appeal, Devers alleged two claims of ineffective assistance of appellate counsel relating to the dismissal of charges against Goynes, neither of which was raised on direct appeal.

### (a) Dismissal of Charges
### Against Goynes

In the original motion for postconviction relief, Devers set forth several paragraphs relating to the alleged dismissal

of all charges against Goynes. Devers asserted the charges against Goynes were dismissed by the prosecution "for lack of evidence." He theorized that this rendered him innocent, because his culpability was premised on being an aider and abettor to the shooting allegedly committed by Goynes.

Devers said he was "adjudged guilty of Felony Murder and Use of a Weapon to Commit a Felony that was prosecuted under the aiding and abetting theory when the same charges were dismissed against the person to whom [Devers] was to have aided and abetted." Devers also theorized that he could not have committed the underlying robbery for purposes of felony murder if there was a lack of evidence against the person who allegedly directly committed the robbery.

Devers pointed out that the jury never knew the charges against Goynes had been dismissed. He asserted that "had the jury known that . . . Goynes' charges had been dismissed, [it] would have never convicted [Devers] bec[au]se there would not have been a principal for [Devers] to have aided and abetted thus making [Devers] legally innocent."

### (b) Layered Ineffective Assistance Claim Regarding Trial Counsel

Devers asserted appellate counsel was ineffective on direct appeal in failing to raise as error that he was "legally innocent" by virtue of Goynes' dismissal. In the paragraph immediately following several paragraphs relating to the dismissal of the charges against Goynes, the jury's ignorance of that fact, and how Devers allegedly could not legally be convicted without a principal to have aided and abetted, Devers stated, "[I]t is for the above-alleged facts that [Devers] requests that judgment of conviction and sentences be set aside as void or voidable for violations of his federal constitutional rights to . . . effective assistance of counsel on appeal under the 6th and 14th Amendments." Devers also asserted he had been "denied effective assistance of counsel on appeal for failure of appellate counsel to assign as error and argue . . . the

issue of legal innocence." He alleged that but for appellate counsel's deficient performance, the outcome of his appeal would have been different.

### (c) Layered Ineffective Assistance Claim
### Regarding Prosecutorial Misconduct

Devers asserted, relatedly, that appellate counsel was ineffective for failing to raise on direct appeal a claim of prosecutorial misconduct at trial in that the prosecution did not disclose the allegedly favorable evidence of Goynes' dismissal.

In his original motion, Devers generally alleged appellate counsel was ineffective for failing to raise on direct appeal a claim of prosecutorial misconduct. In a later paragraph, Devers reiterated this allegation that appellate counsel was ineffective for failing to raise on direct appeal prosecutorial misconduct and elaborated that the prosecution had failed to diligently disclose all exculpatory evidence to the defense.

In his supplemental postconviction motion, Devers elaborated that the prosecution committed misconduct by withholding from the jury and the defense the "dismissal document of . . . Goynes which would have shown that the [S]tate lacked the necessary elements to convict [Devers] of FELONY MURDER with the underlying felony being that of ROBBERY." Again, Devers asserted he was prejudiced because had the jury known the charges against Goynes "had been dismissed due to lack of any evidence and witnesses to confirm the [S]tate's theory then the outcome of the trial for [Devers] would have been different, no trier of fact would convict a man of a crime [in which] it was impossible for him to commit." Devers concluded this paragraph by reiterating that the prosecution had a duty to disclose exculpatory evidence.

### 3. Order Denying Evidentiary Hearing

The postconviction court considered the original and the supplemental motions together and rejected, without an

evidentiary hearing, what it summarized to be 16 claims for postconviction relief, most of which are not at issue in this appeal.

### (a) Ineffective Assistance

As relevant to this appeal, the postconviction court found an evidentiary hearing was not warranted on Devers' claim that "trial counsel" should have produced evidence that the charges against his codefendant, Goynes, had been dismissed, because this allegation of ineffective assistance of trial counsel could have been raised in the direct appeal and was not. Therefore, it was procedurally barred.

The court did not explicitly address a layered claim in rendering its judgment denying postconviction relief without an evidentiary hearing. However, we treat this omission as a constructive denial of relief with respect to this allegation.[3]

### (b) Prosecutorial Misconduct

With respect to Devers' claim of postconviction relief, the postconviction court simply found, "Devers does not set forth any specifics on this claim. Therefore, this claim is denied."

### III. ASSIGNMENTS OF ERROR

Devers assigns that the postconviction court erred in "failing to construe the claims raised in Devers['] postconviction motion(s) liberally pursuant to controlling Supreme Court law, which would have resulted in either (1) the district court granting an evidentiary hearing to resolve material, factual disputes in the record; or (2) the vacating of Dever[s'] convictions and sentence."

### IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation

---

[3] See *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000).

of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[4]

## V. ANALYSIS

[2,3] Devers argues on appeal that had the court liberally construed his postconviction motion, it would have found merit to the postconviction allegations relating to Goynes' being dismissed as a codefendant prior to trial. Devers relies on older federal case law for the proposition that pro se petitioners' pleadings should be interpreted liberally.[5] Postconviction proceedings have their own pleading requirements, and the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings.[6] Furthermore, in Nebraska, a pro se party is held to the same standards as one who is represented by counsel.[7] We find no merit to Devers' argument that his postconviction motion should have been construed liberally because he filed it pro se.

In his brief, Devers argues that on "an alternative basis, even without construing Devers['] claims liberally . . . the record plainly reflects that Devers straight-forwardly asserted that his appellate counsel was ineffective for failing to assert that his trial attorney was ineffective"[8] for failing to raise to the trial court his alleged innocence premised on the dismissal of the charges against Goynes. Devers states that "a candid, scrutinizing examination" of his claims relating to the dismissal of Goynes' charges "required the district court

[4] *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018).

[5] *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Sanders v. United States*, 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963); *Jones v. Jerrison*, 20 F.3d 849 (8th Cir. 1994); *Crooks v. Nix*, 872 F.2d 800 (8th Cir. 1989); *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976); *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

[6] See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

[7] *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

[8] Brief for appellant at 26.

to find that Devers['] claim was not procedurally barred — because . . . his appellate attorney was ineffective for failing to raise the claim of his trial attorney[']s ineffectiveness in that regard."[9]

Likewise, with respect to prosecutorial misconduct, he argues that "even without having to construe Devers['] factual and legal allegations liberally, the record reflects that the district court failed to take note of the plainly fleshed out claim that the prosecutor committed misconduct by misleading the jury into believing that . . . Goynes was, in fact, guilty."[10]

While Devers' assignment of error could have been better expressed, we disagree with the State's assertion that it fails to adequately encompass Devers' arguments in his appellate brief that, even without employing a liberal construction of his postconviction filings, the district court erred by dismissing allegations relating to the dismissal of charges against Goynes without an evidentiary hearing. We turn to the merits of the postconviction court's dismissal of those claims.

[4,5] The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.[11] An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.[12]

---

[9] *Id.* at 25.

[10] *Id.* at 31.

[11] *State v. Jaeger, supra* note 7.

[12] *Id.*

### 1. Layered Claim That Trial Counsel Was Ineffective for Failing to Raise Alleged "Legal Innocence" by Virtue of Dismissal of Charges Against Goynes

[6] We agree with Devers that the district court incorrectly failed to recognize Devers had alleged a layered claim of ineffective assistance of counsel respecting the dismissal of charges against Goynes. That said, a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[13] And the postconviction court reached the correct result.

[7] Neb. Rev. Stat. § 28-206 (Reissue 2016) provides, "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." We have recognized that this statute abolishes the common-law distinction between a principal and an aider and abettor.[14] The intent of the Legislature was "'to abrogate all distinction heretofore existing between such aider, abettor, or procurer and the one committing the act.'"[15] By statute, all persons involved in the commission of a crime, as aider, abettor, procurer, or the one committing the act, are considered principals.[16]

[8-11] Accordingly, the law is well established that under § 28-206, the conviction of the principal is not necessary for the conviction of an aider and abettor.[17] In fact, to convict an aider and abettor, it is not necessary that the identity of the principal be established.[18] An aider and abettor can be

---

[13] *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).

[14] See, *State v. Contreras*, 268 Neb. 797, 688 N.W.2d 580 (2004); *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995).

[15] *State v. Contreras, supra* note 14, 268 Neb. at 801, 688 N.W.2d at 584, quoting *Scharman v. State*, 115 Neb. 109, 211 N.W. 613 (1926).

[16] See *State v. Jackson*, 258 Neb. 24, 601 N.W.2d 741 (1999).

[17] *State v. Foster*, 196 Neb. 332, 242 N.W.2d 876 (1976). See, also, *State v. Alcorn*, 187 Neb. 854, 194 N.W.2d 798 (1972).

[18] See *id.*

convicted of any crime, even a greater offense than the principal, provided the conviction is supported by the evidence of the facts and the defendant's state of mind.[19] Absent special circumstances, even acquittal of the principal does not prevent conviction of an aider and abettor.[20] Society is no less injured by the illegal acts of the aider and abettor when the principal escapes conviction.[21]

Premeditated murder and felony murder are different ways to commit a single offense of first degree murder.[22] There need not be an intent to kill in felony murder, only an intent to commit the underlying felony.[23] The turpitude involved in the robbery takes the place of the intent to kill in premeditated murder and is sufficient to support life imprisonment.[24] There was evidence at trial that Devers arranged the robbery of LeFlore, the underlying felony. Whether Devers himself physically assaulted, shot, and robbed LeFlore is of no consequence in relation to his murder conviction.

[12,13] Devers' appellate counsel was not ineffective for failing to raise on direct appeal arguments concerning Devers' "legal innocence" as a consequence of the dismissal of Goynes' charges. To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[25] Defense counsel is not ineffective for failing to raise an argument that has no merit.[26]

---

[19] *State v. Brunzo, supra* note 14.

[20] See 9 A.L.R.4th 972 (1981). See, also, *Ray v. State*, 13 Neb. 55, 13 N.W. 2 (1882).

[21] See *State v. Spillman*, 105 Ariz. 523, 468 P.2d 376 (1970).

[22] See *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009).

[23] See, e.g., *State v. Perkins*, 219 Neb. 491, 364 N.W.2d 20 (1985).

[24] See *id*.

[25] See *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

[26] *Id*.

## 2. Layered Claim of Prosecutorial Misconduct of Failing to Disclose to Trial Counsel That Charges Against Goynes Had Been Dismissed

Turning to Devers' allegations relating to prosecutorial misconduct, we agree with Devers that his claim did not, as the postconviction court reasoned, lack "any specifics." Devers specified that the prosecution improperly withheld from the defense evidence that the charges against Goynes had been dismissed for lack of evidence.

Further, we disagree with the State's contention that Devers' claim is procedurally barred because it could have been raised on direct appeal and he failed to state a layered claim against appellate counsel for not doing so. As already described, Devers asserted a layered claim that appellate counsel was ineffective by failing to raise this alleged prosecutorial misconduct on direct appeal. His motion for postconviction relief was his first opportunity to bring such a claim.

[14,15] We conclude, however, that the postconviction court did not err in denying Devers' layered postconviction claim without an evidentiary hearing. Under *Brady v. Maryland*,[27] prosecutors owe a duty to disclose favorable evidence to criminal defendants prior to trial.[28] The prosecution's undisclosed evidence must be material either to guilt or to punishment, and the prosecution's suppression of favorable evidence violates a defendant's due process right to a fair trial only if the suppressed evidence is sufficiently significant to undermine confidence in the verdict.[29]

Devers asserted the alleged suppression of the alleged dismissal of Goynes' charges undermined the verdicts, because such dismissal rendered convictions against Devers, as an

---

[27] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[28] *State v. Malone*, 308 Neb. 929, 957 N.W.2d 892 (2021) *modified on denial of rehearing* 309 Neb. 399, 959 N.W.2d 818.

[29] *State v. Harris*, 296 Neb. 317, 893 N.W.2d 440 (2017).

aider and abettor, legally impossible. We have already explained this premise lacks merit. As such, counsel was not ineffective for failing to raise this argument of prosecutorial misconduct on direct appeal.

## VI. CONCLUSION

Because all persons involved in the commission of a crime are considered principals, Devers' allegations concerning the failure of counsel to raise alleged errors concerning the dismissal of charges against Goynes, if proved, did not constitute an infringement of Devers' constitutional rights rendering his convictions and sentences void or voidable. Therefore, albeit based upon reasons different from those expressed by the postconviction court concerning these allegations, we affirm its judgment denying postconviction relief without an evidentiary hearing.

Affirmed.