IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCKETHAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TERRAN T. MCKETHAN, APPELLANT.

Filed March 11, 2025.    No. A-24-471.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Terran T. McKethan, pro se.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Terran T. McKethan appeals from the order of the Lancaster County District Court denying his motion for postconviction relief without holding an evidentiary hearing. We affirm.

## BACKGROUND

### CONVICTION AND SENTENCE

In 2022, McKethan, pursuant to a plea deal, pled guilty to four counts of first degree sexual assault and one count of attempted child enticement with an electronic communication device. He was sentenced to consecutive sentences of 20 to 25 years' imprisonment on each count. McKethan was also required to register under the Nebraska Sex Offender Registration Act and was subject to lifetime community supervision. See *State v. McKethan*, No. A-22-512, 2023 WL 2764782 (Neb.

- 1 -

App. April 4, 2023) (selected for posting to court website). The factual basis for the plea was set forth in *State v. McKethan, supra.*

DIRECT APPEAL

McKethan, with new counsel, filed a direct appeal claiming that the district court imposed excessive sentences. McKethan also claimed that his trial counsel was ineffective for failing to (1) depose any alleged victim or witness, (2) advise McKethan about completing a "'new quick and speedy trial demand'" or filing a motion to resume his right to speedy trial under the relevant statutes, (3) investigate the unidentified conflict of the original judge or the potential spread of such conflict to other judges, and (4) file or advise McKethan to file a motion for appointment of a judge from a different judicial district after the original judge's recusal. *Id.* at 4. This court affirmed McKethan's sentences on direct appeal and found that all of his ineffective assistance of trial counsel claims failed. See *id.*

POSTCONVICTION

On February 23, 2024, McKethan, pro se, filed a verified motion for postconviction relief. In his motion, McKethan claimed that "during the prosecution of the case against him," his state and federal constitutional rights were violated, including his right to due process. He alleged that

> in August 2021 he had a detainer filed for this case. On December 7th [and] 16th 2021[,] a hearing to withdraw the detainer was heard before [the original district court judge] who right after these said hearings was recused for an "unidentified reason." [McKethan] wasn't informed of any reasoning for said recusal before nor afterwards and went into the hearing uninformed that [the judge] knew [a named victim] in this case that her bailiff [name] is directly related to the victim. This was the reason for the "unidentified recusal" and why any hearings, rulings, judgments made by [the judge] [are] unconstitutional, void/invalid, a conflict of interest, bias[ed], [and] prejudic[ial] [to McKethan], and in the face of justice and fairness must be vacated. The record in this case is silent for the purpose of this "unidentified recusal" and [McKethan] needs an evidentiary hearing so that the court can clearly see the hidden bias done to [him]. It wasn't until after [he] was sentenced and while in the prison law library researching said case and reasoning for [the judge's] recusal while preparing this pro se appeal that [he] found out about the relationships [between the judge, the bailiff, and the victim]. [McKethan's] trial counsel even knew about this, yet counsel never mentioned it to [McKethan] and remained silent. . . . [T]his was a conflict of interest [for the judge] the entire time and [trial] counsel was ineffective for not informing him of anything pertaining to this.

McKethan alleged that his appellate counsel was ineffective for failing to raise on direct appeal that trial counsel was ineffective for "not raising the issue that" (1) "[McKethan's] detainer hearings on December 7th [and] 16th, 2021[,] [were] bias[ed], a conflict of interest, consisted of structural error [and] ex parte communication, should be void [and] could not have been knowingly, intel[l]igently, [and] voluntarily waived," (2) "the clock on [McKethan's] detainer should have never tolled" because the judge had a conflict of interest making the detainer hearings and ruling to remove the detainer void, and, as of February 15, 2022, "the 180 days for speedy trial

required ha[d] passed," (3) "[McKethan] was not informed nor did counsel disclose to [him] the conflict of interest," trial counsel was ineffective for not filing a motion to dismiss detainer hearing, nor filing a motion to dismiss because the 180 days passed for speedy trial, "counsel was also [sic] a conflict of interest to [McKethan] by hiding the conflict between the judge and bailiff from [him]," and "counsel rendered ineffective assistance of counsel by failing to perfect/follow up on the subpoena of [a named individual] that [McKethan] asked [counsel] to submit/file prior to the preliminary phase of this case," and (4) McKethan's plea could not have been knowingly, intelligently, and voluntarily made because trial counsel proceeded with the plea hearing and advised McKethan to plea when counsel knew of, but never informed McKethan of, the foregoing issues.

In its order entered on May 30, 2024, the district court denied McKethan's motion for postconviction relief without an evidentiary hearing. The court stated that McKethan, in his postconviction motion, claimed his appellate counsel was ineffective for:

> (1) failing to raise the issue that the hearings on December 7 and 16 of 2021[,] were invalid due to a conflict of interest of the trial judge.
>
> (2) fail[ing] to raise a speedy trial violation or file a motion to dismiss for any hearings which occurred after February 15, 2022.
>
> (3) fail[ing] to disclose to [McKethan] the nature of the original judge's conflict of interest.
>
> (4) failing to follow-up on a subpoena to [a named individual].
>
> (5) fail[ing] to raise the issue that [McKethan's] plea could not have been knowing, intelligent, and voluntary.

The district court found:

> Regarding the first claim, the Court of Appeals already addressed it and denied any relief, calling it "pure speculation and conjecture" and further noted that due to the generous plea offer, [McKethan] had not shown a reasonable probability that he would have insisted on going to trial. *McKethan*, No. A-22-512, 2023 WL 2764782 at *10.
>
> The Court of Appeals also clearly addressed and dispensed with [McKethan's] speedy trial claim, noting that there was no violation because [McKethan] requested an open-ended waiver of his speedy trial within the allotted timeframe. *McKethan*, No. A-22-512, 2023 WL 2764782 at *3. [McKethan's] claim here is no different in that he requested an open-ended waiver of his detainer and speedy trial rights on December 16, 2021. [Citation to record]. That waiver falls within any calculation of 6 months or 180 days under any statutory or constitutional provision.
>
> [McKethan's] remaining claims also fail because he plead guilty to the charges, and the colloquy leaves no doubt he did so knowingly and voluntarily, and there is no showing of prejudice claimed [sic] ineffective assistance of appellate or trial counsel.

With regard to the third claim, the district court found:

[McKethan] alleges, without any supporting facts, that his trial counsel knew about the nature of the conflict of interest of the original judge. Even if . . . trial counsel was ineffective, [McKethan] has clearly not established that he was prejudiced. [McKethan]

claims prejudice because he would not have waived his detainer or pled guilty to the charges. [McKethan] has presented no objective evidence . . . showing that but for the errors of his trial counsel there is a reasonable probability that he would have insisted on going to trial. [McKethan's] self-serving declaration that he would have gone to trial is insufficient to qualify for relief. The evidence in this case and the generous plea deal that [McKethan] accepted is important, as discussed by the Court of Appeals. [McKethan] made incriminating statements to law enforcement, filmed sex acts with a victim, and accepted the factual basis provided by the State. *McKethan*, No. A-22-512, 2023 WL 2764782 at *8. [McKethan] also received the benefit of a "very generous" plea deal in this case. *Id.* [McKethan] was originally charged with three Class IB felonies which each carried a mandatory minimum of 25 years and up to life imprisonment, two Class IC felonies that were each punishable by a mandatory minimum of 5 years imprisonment and up to 50 years imprisonment, and one Class IIIA felony punishable by up to 3 years imprisonment. *Id.* Instead, [McKethan] was able to plead to five class II felonies with no mandatory minimums, punishable by 1 to 50 years' imprisonment. *Id.* [McKethan] has failed to establish that he would have insisted on going to trial but for his trial counsel's ineffectiveness, and he cannot establish that he was prejudiced by any ineffectiveness of his trial counsel.

The district court then found:

[McKethan] is also not entitled to relief on his fourth claim of ineffective assistance by any failure to subpoena [a named individual] prior to a Preliminary Hearing in County Court. [McKethan] alleges that his appellate counsel was ineffective for failing to raise as error on appeal trial counsel's ineffectiveness for failing to subpoena [the named individual]. However, [McKethan's] claim is a conclusion of fact, unsupported by any evidence. [McKethan] alleges, without any supporting evidence, that [the named individual] wrote a letter to him while he was in jail stating that she pretended to be [McKethan], was communicating with the victims in the case, and had access to the Snapchat account in question in this case. . . . Further, [McKethan] has not established that he was prejudiced by any ineffectiveness of his trial counsel. [McKethan] does not establish through facts or argument how such evidence, even if presented, would have led to any of the charges not being bound over at the time of a preliminary hearing. [McKethan] acknowledges that his trial counsel attempted to subpoena [the named individual] to testify at a preliminary hearing in this case, but it was filed without a reply. . . . [McKethan] claims that trial counsel should have continued to attempt to serve the subpoena in this case but does not provide any information or evidence to establish that further service of [the named individual] would have been successful. [McKethan] also alleges, as a conclusion of fact, that had [the named individual] appeared at a preliminary hearing, that his case would not have been bound over to district court. . . . [McKethan] provides no basis for why the State's entire case would have been prohibited from going forward based on [the named individual's] testimony. Yet, regardless of any deficiency in trial counsel's performance, [McKethan] cannot establish that he was prejudiced by it.

As noted, [McKethan] voluntarily pled guilty in this case, and he has presented no objective evidence . . . showing that but for the errors of his trial counsel there is a reasonable probability that he would have insisted on going to trial. [McKethan] was aware of [the named individual's] potential testimony and chose to plead guilty anyway. Further, [McKethan] still made incriminating statements to law enforcement, filmed sex acts with a victim, and accepted the factual basis provided by the State. *McKethan*, No. A-22-512, 2023 WL 2764782 at \*8. [McKethan] also still received the benefit of a "very generous" plea deal in this case. *Id.* [McKethan] failed to establish that he would have insisted on going to trial but for his trial counsel's ineffectiveness, he cannot establish that he was prejudiced by any ineffectiveness of his trial counsel, and he is not entitled to relief on his claim.

The district court then found that, "[McKethan's] final claim in his post-conviction motion is similarly lacking." The record makes clear that he was examined in court at the time of his guilty plea, and he entered a guilty plea freely, intelligently, voluntarily, and understandingly. He was informed about the nature of the charges and the possible penalties. He was also informed, and understood, that he had the right to the assistance of counsel, to confront witnesses, to a jury trial, and to not incriminate himself.

Accordingly, district the court found (1) McKethan failed to make any factual allegations that would render the judgment void or voidable, and (2) McKethan's claims were either without merit, known at the time of direct appeal and not raised, or previously raised on direct appeal and found to be without merit.

McKethan appeals.

## ASSIGNMENT OF ERROR

McKethan assigns that the district court abused its discretion by "allowing a direct conflict of interest which was prejudice against [McKethan] violating his [due process rights] by allowing [the original trial court judge] to make any rulings in [McKethan's] case because the judge's bailiff . . . is the aunt of . . . [named victim] who's a victim in [McKethan's] case."

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *Id*. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id.*

## ANALYSIS

### GENERAL PRINCIPLES OF LAW

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights

such that the judgment was void or voidable. *Id.* Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Lessley, supra.* The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *Id.*

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *Id.* The appellate court does not conduct this review sua sponte, however; as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. *Id.* The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *Id.*

Generally, a motion for postconviction relief cannot be used to secure review of issues that were or could have been litigated on direct appeal. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley, supra.* To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.*

The likelihood of the defense's success had the defendant insisted on going to trial is relevant to the prejudice analysis. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). It is relevant to the consideration of whether a rational defendant would have insisted on going to trial. *Id.* The likelihood of the defense's success had the defendant gone to trial should be considered along with other factors, such as the likely penalties the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *Id.* Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a

defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *Id*.

The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.*

In Nebraska, a pro se party is held to the same standards as one who is represented by counsel. *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023).

### McKethan's Claims

As set forth above, on direct appeal with new counsel, the errors assigned by McKethan related to alleged conflicts of interest involving the original trial judge included that his trial counsel was ineffective for failing to investigate the unidentified conflict of the original judge or the potential spread of such conflict to other judges, and failing to file or advise McKethan to file a motion for appointment of a judge from a different judicial district after the original judge's recusal. This court found no merit to these claims.

In his motion for postconviction relief and in his brief in this appeal, McKethan alleged that his due process rights were violated when the original trial judge made rulings in this case because the judge had a conflict of interest, i.e., the judge's bailiff was related to one of the victims. However, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). McKethan did not raise on direct appeal a claim that the original trial judge violated his due process rights, accordingly, his postconviction relief claims against the trial court are procedurally barred.

To the extent McKethan's assigned error in the present appeal meant to assign error to appellate counsel for failing to raise the due process issue on direct appeal, the State argues that he failed to properly assign this error in his brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). See, also, *State v. Devers, supra* (pro se party held to same standards as one who is represented by counsel). We agree that McKethan's assigned error refers only to his claim regarding the district court, which we have addressed. We therefore need not address this claim any further.

### CONCLUSION

For the reasons stated above, we affirm the district court's decision to deny McKethan's motion for postconviction relief without holding an evidentiary hearing.

AFFIRMED.